## THE PEOPLE v. AMOS H. FELKER.

### (No. 1.)

*Criminal law—Sentence—Cannot be divided, and pronounced from time to time, by the court—May be suspended for a reasonable time to secure information essential to a just and proper judgment—Or to enable respondent to review case on exceptions or writ of error in appellate court—But when pronounced must embrace whole measure of punishment imposed.*

Respondent was convicted in the circuit court, upon his plea of guilty, of *not* keeping his saloon closed on Sunday, and sentenced to pay a fine of seventy-five dollars. An order was then made deferring the further judgment of the court until the first day of the next term, and requiring the respondent to recognize for his appearance at that time for further sentence. He paid the fine and entered into the required recognizance, but, on appearing in obedience thereto, objected to the further judgment of the court; whereupon he was sentenced to ten days' imprisonment in the county jail, as provided by the statute.

*Held*, that a judgment in a criminal case cannot be divided up, and pronounced from time to time, by the court; that while, in the exercise of a sound discretion, the court may suspend sentence for a reasonable time to secure information of such matters as will enable it to impose a just and proper sentence, or to enable the respondent to present exceptions to a higher court, or sue out a writ of error, yet

the sentence or judgment *when pronounced* must embrace the whole measure of the punishment imposed.[1]

Error to Muskegon. (Russell, J.) Argued April 21, 1886. Decided April 22, 1886.

Respondent was convicted of failing to keep his saloon closed on Sunday, and brings error. Reversed. The facts are stated in the opinion and head-note.

*Stephen ·H. Clink*, for respondent:

The position taken by the respondent is that the circuit court had no power to enter the last judgment, of December 8. The right of a court to correct or amend its record or judgment, or discharge a respondent under suspended sentence, is not denied, but neither of these is the case at bar.

The question raised in this case on behalf of the respondent is whether a circuit court has power and authority to pass judgment by piecemeal, or, in other words, to impose a sentence in sections, and at different terms of court.

If a court can render part of a judgment in a cause at one term and part at a subsequent term, why can it not divide it up into four, six, or ten parts, and render, and have entered upon the journal of the court, one part at each of the two, four, six, or ten terms of court respectively, *ad arbitrium ?*

*Moses Taggart*, Attorney General, for People :

The statute authorizes a fine of $100, and imprisonment not to exceed 90 days. The latter action of the court was excepted to by respondent, but no objection is made to the informal order of October 24. The proceedings of the court are anomalous, but we cannot discover wherein respondent was injured. The first order did not purport to be a full and complete sentence, and the postponement of sentence was at the request of respondent, when the sentence was for both fine and imprisonment. Is not the first order to be regarded as an intimation of the amount of fine respondent would have to pay, made for his benefit, rather than a sentence? This irregularity, if such it was, was at the request·of respondent, and no objection at such time is suggested, but recognizance was entered into in pursuance of it

---

[1] As to legality of an indefinite or absolute suspension of sentence, see *People v. Reilly,* 53 Mich. 262–3; *People v. Brown,* 54 Id. 27.

for his appearance at the next term of court. That the court can suspend sentence for a reasonable time, for the purpose of informing itself of the proper sentence to pass, is unquestioned: *People v. Kennedy*, 58 Mich. 376; and it is largely a matter of discretion: Bishop Cr. Procedure, § 880; *People v. Reilly*, 53 Mich. 260–262; *Weaver v. People*, 33 Id. 297.

The request for delay coming from respondent, the fair presumption is that it was made to enable the court to advise itself as to proper sentence, and to enable the defense to make a showing in mitigation of sentence.

The court can also correct error or alter its first determination although formal sentence has been announced: Bishop Cr. Pro. § 877; also "when the necessity and propriety of such course are rendered evident to the mind of the court": Bishop Cr. Pro. § 880; *Fults v. State*, 2 Sneed, 232.

The sentence was not complete until the adjourned day, when the particular sentence which had been intended from the first, as appears of record, was given.

CHAMPLIN, J. Respondent was arraigned before a justice of the peace upon the charge of not keeping his saloon closed upon the first day of the week; and judgment having passed against him, he appealed to the circuit court, where he pleaded guilty, and was, by the judge of that court, on the twenty-fourth day of October, 1885, sentenced to pay a fine of $75; and the judge then ordered that the further judgment of the court be deferred until the first day of the next term, and that the respondent forthwith enter into recognizance in the sum of $200, with one surety, conditioned that said respondent appear on the first day of the next term of the court to receive the further judgment of the court; "and that respondent will abide the said judgment of the court, and not depart said court without the order thereof." The respondent paid said fine, gave the above recognizance, and appeared at the next subsequent term of said court, and received the following additional judgment in said cause:

"STATE OF MICHIGAN—THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON.

"At a regular term of the circuit court for the county of Muskegon, continued and held at the court-house, in the

city of Muskegon, in said county, on Tuesday, the eighth day of December, A. D. 1885.

Present, Hon. Fred. J. Russell, circuit judge.

"*The People of the State of Michigan v. Amos H. Felker.*

"Amos H. Felker, the respondent in this cause, having been heretofore, to wit, on the twenty-fourth day of October, A. D. 1885, convicted in this court upon his plea of guilty, as appears by the records thereof, and having been on, to wit, the twenty-fourth day of October, A. D. 1885, on motion of the prosecuting attorney, brought to the bar of the court for sentence; and having been asked by the court if he had anything to say why judgment should not be pronounced against him, and alleging no reason to the contrary, was on the said twenty-fourth day of October, A. D. 1885, in the October term of said court, sentenced to pay a fine of seventy-five dollars; and that part of the penalty prescribed by statute, to wit, incarceration in the common jail for a period of not less than ten days, having been at the request of said respondent deferred until the opening of the next succeeding term of said court; and said respondent having been further required to enter into a recognizance to appear at the bar of said court at the opening of the December term thereof, to wit, on the seventh day of December, A. D. 1885, for further sentence; and having appeared in accordance with the order of said court; and having been, on further motion of the prosecuting attorney, brought to the bar of said court for sentence; and having there been asked by the court if he had anything to say why judgment should not be pronounced against him, and alleging no reason to the contrary, but objecting thereto, and excepting to the order of the court: *Therefore* it is ordered and adjudged by the court now here that the said Amos H. Felker, in addition to the penalty heretofore imposed, be confined in the common jail for the county of Muskegon for the period of ten days from and including this day."

The proceedings in this case cannot be sanctioned. A judgment in a criminal case cannot be divided up and parcelled out, and pronounced from time to time, by the court. The court may, in the exercise of a reasonable discretion, suspend sentence for a reasonable time to enable the court to inform itself of such matters as will enable it to impose a just and proper sentence, or to enable the respondent to present

exceptions to a higher court, or sue out a writ of error, but the sentence or judgment when pronounced must embrace the whole measure of the punishment imposed. The judgment last pronounced in this case is not a correction or alteration of the determination of the court when it pronounced the first judgment. It is a further judgment, which the court then announced its intention of pronouncing. There is neither law nor precedent for such course as was pursued in this case, and the judgment given must be reversed, and the respondent discharged.

CAMPBELL, C. J., and SHERWOOD, J., concurred. MORSE, J., did not sit.