UNITED STATES of America, Appellee,

v.

Owen James WALLULATUM, Appellant.

No. 78–2389.

United States Court of Appeals,
Ninth Circuit.

July 11, 1979.

Jeffrey L. Rogers (argued), Ransom, Rogers & Blackman, Portland, Or., for appellant.

---

W. M. Youngman, Asst. U. S. Atty. (argued), Portland, Or., for appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

GOODWIN, Circuit Judge:

This appeal from a manslaughter conviction challenges on equal protection grounds the imposition of sentence under the Youth Corrections Act (18 U.S.C. § 5005 *et seq.*). The appellant, who was twenty years of age at the time of sentencing, contends that if he had been sentenced as an adult the maximum time he would have to serve would be three years, but that as a "youth" he may have to remain in custody or under some restraint of liberty for up to six years.

The Youth Corrections Act confers benefits as well as burdens upon those who are sentenced under it. Among the benefits can be a form of expungement thought to purge a conviction from the youth's criminal record. 18 U.S.C. § 5021.[1] The statute also envisions special treatment for youthful offenders to prevent their becoming habitual adult offenders.[2] Among the burdens can be a longer maximum sentence than that which can be imposed on adult offenders. Although Congress may have believed the special-treatment feature of the Act would benefit youthful offenders in the long run, Wallulatum disagrees with that rationale as applied to him. He says

he urgently desires to forego any benefits that may befall him at some future date, in favor of an earlier release date now. Other young offenders, not presently before the court, may hold differing views of the matter.

■ We do not reach Wallulatum's constitutional argument because we believe existing statutes, as interpreted by the courts, require a remand for resentencing. In *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), the Supreme Court held that under the Youth Corrections Act, a district court may not impose an adult sentence upon an eligible youth without first making a specific finding on the record that the youth would not "benefit from treatment" under the Act. Here, the district court found that Wallulatum would benefit. Since the time Wallulatum began serving the sentence, however, the Parole Commission has made it clear that it will treat youth offenders no differently than other prisoners in determining eligibility for release. Moreover, under the Parole Commission and Reorganization Act of 1976, the severity of the prisoner's offense, and not the prisoner's rehabilitation, is the primary criterion by which the Commission determines parole eligibility. *Benites v. United States Parole Commission*, 595 F.2d 518 (9th Cir. 1979). These new rules completely discard prior policies, under which institutional performance was to be the primary criterion for release. *Rifai v. United States Parole Commission*, 586 F.2d 695 (9th Cir. 1978). The new policies

---

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

1. The authority under the Act to set aside the conviction of a rehabilitated youth is "[a] powerful tool". *Dorszynski v. United States*, 418 U.S. 424, 435, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *see United States v. Fryer*, 545 F.2d 11 (6th Cir. 1976) (conviction set aside under Act could not constitute element of federal offense of possession of firearm by convicted felon); Fed.R.Evid. 609(c) (annulled conviction may not be used to impeach witness). Whether

expungement under the Act is strong enough to accomplish removal of the conviction from police computers, however, is not free from doubt.

2. *See* 18 U.S.C. § 5010; H.R.Rep.No.2979, 81st Cong., 2d Sess., 1950 U.S.Code Cong. & Admin. News, pp. 3983–85 (extolling supposed rehabilitative advantages of "training and treatment" between ages 16 and 23, when "habitual criminals are spawned").

also conflict with the Youth Corrections Act requirement that the seriousness of the offender's crime be "conspicuously absent" from parole considerations. *Shepard v. Taylor*, 556 F.2d 648, 653 (2d Cir. 1977).[3]

Moreover, as at least one court has observed, present-day prison officials' treatment of Youth Corrections Act inmates is virtually identical to that given other prisoners.[4]

■ Before we determine whether the new parole policy and present prison realities render imposition of Wallulatum's sentence so irrational that it violates the Equal Protection Clause, we believe the better course is to remand the case for resentencing in light of *Dorszynski, Benites, Shepard*, and the 1976 Act. Upon reconsideration, if the trial court still believes the defendant will benefit from a youth sentence, and if the defendant still believes he has been denied his Fifth and Fourteenth Amendment rights, Wallulatum can bring a new appeal.

We have examined all of the other assertions of error, challenging the course of the trial, and have found none that warrants extended discussion. The trial was fair in all respects, and guilt was established beyond a reasonable doubt.

Vacated and remanded for a new sentence hearing and entry of a new judgment.

---

**3.** We are aware of the recent holding that a postsentence change in the policies of the Parole Commission will not support a collateral attack upon a sentence valid when imposed upon an adult offender. *United States v. Addonizio*, —— U.S. ——, 99 S.Ct. 2235, 60 L.Ed.2d 805 (June 4, 1979). The case now before us is a direct appeal, and the sentence is subject to review under current statutes.

**4.** The United States District Court for the District of Colorado has entered orders which, if not reversed on appeal, would require prison officials to undertake affirmative action to implement the Act. *Watts v. Hadden*, 469 F.Supp. 223 (D.Colo., 1979).