**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert E. KLUSMAN,
Defendant-Appellant.**

**No. 78–1867.**

United States Court of Appeals,
Tenth Circuit.

Submitted Sept. 13, 1979.

Decided Oct. 17, 1979.

James P. Buchele, U.S. Atty., and John Oliver Martin, Asst. U.S. Atty., Topeka, Kan., for plaintiff-appellee.

Jan L. Hamer, Shawnee Mission, Kan., for defendant-appellant.

Before HOLLOWAY and DOYLE, Circuit Judges, and MATSCH,* District Judge.

WILLIAM E. DOYLE, Circuit Judge.

This is a criminal case in which the defendant-appellant appeals a judgment of conviction for knowingly and intentionally distributing a controlled substance, LSD, contrary to 21 U.S.C. § 841(a)(1).

The primary issue in the case is whether the trial court considered Klusman's conviction as a youthful offender when sentence was pronounced. This conviction had been set aside in accordance with 18 U.S.C. § 5021.

There are two other issues. The first of these issues is whether the trial court erred in making a comment in the course of overruling an objection to testimony offered by a government witness. The other and final issue is whether the trial court erred in refusing the defendant's tendered instruction concerning informant testimony (in fact, no informant testified at the trial).

We shall consider the listed issues in the order which has been given above.

### I.

### THE YOUTH CORRECTIONS ACT CONVICTION WHICH WAS SET ASIDE

It is by no means clear that the judge considered the former conviction. The briefs were written on the assumption

* Of the United States District Court for the District of Colorado, sitting by designation.

that it was a factor in the pronouncement of sentence. At the time that the case was argued the sentencing proceedings had not been made a part of the record, and indeed these proceedings had not even been transcribed. Inasmuch as this question was before the court, we made an effort to get this part of the record on appeal, and upon finding that it had not been transcribed, we requested that it be transcribed and also requested that the clerk certify it to us. We now have that transcript. The transcript of the proceedings is unclear as to whether the judge actually considered the conviction which was set aside. The judge said:

> THE COURT: I remember your prior conviction in this court very well, in 1972, for the distribution of drugs, Mescaline, and I think probably as the court told you at that time the Court's general policy in the distribution or sale of drugs is incarceration and you were one of the exceptions that was made at that time and you were placed on probation. I don't know what it is going to take to convince you that the drug business isn't a profitable business. What about his parole violation in Lenexa for DWI?

It does not follow from the fact that the judge recalled the prior conviction in which the accused was placed on probation that this fact played some part in the pronouncement of sentence in this case. In light of this, the argument on behalf of the appellant that this is a violation of what might be termed the set aside provision of the Youth Corrections Act, 18 U.S.C. § 5021, is untenable.

The relevant provision of the Youth Corrections Act, 18 U.S.C. § 5021, is as follows:

(a) Upon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Commission shall issue to the youth offender a certificate to that effect.

(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

Thus, it calls for the setting aside of the conviction on the unconditional discharge by the Commission prior to the expiration of the maximum sentence. It does not say that every remnant of the conviction shall be expunged. The conviction is set aside and the youth is entitled to all of the legal consequences which flow from this action.

■ In the case at bar, appellant's conviction was set aside pursuant to this provision. His claim is that the trial court considered the previous conviction when imposing sentence in the instant case. The sentence itself does not reflect this, for Klusman was sentenced to imprisonment for three years on each of the two counts charged pursuant to 18 U.S.C. § 4205(b)(2) under the indeterminate sentencing law. There was a special parole term of three years in addition to the term of imprisonment. Considering that there were two sales of LSD on separate occasions and the seriousness of the crimes, it cannot be said that the sentence was excessive. (The sentence in Count II ran concurrently with the sentence imposed in Count I.) Appellant argues, however, that any consideration of a conviction which has been set aside under the Act is improper; that he is entitled to be sentenced as a first offender once the offense has been set aside.

The government's argument is that the Act was not intended to interfere with the discretion which is granted to the judge in the various sentencing measures which Congress has adopted. The effort is to rehabilitate youthful offenders so that they can be restored to lawful and normal behavior patterns. *See Dorszynski v. United States*, 418 U.S. 424, 433, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

There is no authority which directly bears on the present issue. There are cases which have sought to determine the scope and

effect of § 5021, *supra*, the setting aside provision. The First Circuit undertook this in *Mestre Morera v. United States*, 462 F.2d 1030 (1st Cir. 1972). The court there considered whether a conviction which had been set aside could be used as a basis for a deportation order, section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11). The court recognized the magnitude of the deprivation in connection with the deportation act and said in part:

> We are unable to presume that Congress, without any reference to such an intent, meant in section 5021 to provide for setting aside a conviction for some purposes but not for others.

*Id.* at 1032.

There are cases which have considered the effect of the setting aside provision in a firearms case. *See United States v. Fryer*, 545 F.2d 11 (6th Cir. 1976); *United States v. Purgason*, 565 F.2d 1279 (4th Cir. 1977). These cases recognize the general purpose of the Act to free youthful offenders from the stigma and effect of a conviction. Both cases, however, recognize that the prior conviction must have been set aside at the time of the purchase of the firearm.

The *Fryer* court, in an opinion by Judge John Peck, finally concluded "We now hold that a conviction already set aside under the Youth Corrections Act cannot constitute a conviction for the purpose of 18 U.S.C. App. § 1202(a) or 18 U.S.C. § 922(a)(6)." Footnote 4 stresses that when the defendant made the purchase the conviction had already been set aside.

The same was true in the *Purgason* case. There it was also made clear that where the conviction had been set aside at the time the purchase was made, the prior conviction could not form the basis of a false statement that one did not have a prior conviction because he was not so afflicted.

As to whether the action which is taken expunges the record of a conviction, there are cases which hold that it does not. We need not decide this because the issue of expungement of the record is not present here. The testimony shows only that the judge had a recollection of the prior proceedings. *United States v. Doe*, 556 F.2d

391 (6th Cir. 1977), actually considered whether the setting aside required by the statute under consideration constituted expungement. The Sixth Circuit in that case held that it did not.

The Eighth Circuit adopted a similar construction of the statute in *United States .v. McMains*, 540 F.2d 387 (8th Cir. 1976).

■ The facts do not require us to determine whether the setting aside of the conviction contemplates also an expunging of the record. Even if the accused is entitled to have the record expunged, there is no way that he can insist upon the expunging of the judge's memory of prior proceedings which were before him.

Finally, there exists a public interest factor which must be considered. The trial judge has a broad discretion in designing the sentence. He should not be required to erase from his memory a relevant fact about which he has personal knowledge.

Our conclusion is that he could be mindful of the prior conviction in the present circumstances, and we deem it unnecessary to remand the case for the purpose of requiring the trial judge to reveal whether the sentence was imposed with the prior case in mind.

## II.

### THE ALLEGED ERROR OF THE JUDGE IN STATING HIS REASONS FOR OVERRULING AN OBJECTION TO EVIDENCE

■ The defendant argues that the court erred in commenting "The defendant was present," which statement was made in conjunction with the court's overruling a defense counsel's objection. He said that this statement was highly prejudicial. We disagree. The contention is that the judge thereby recognized the extensive testimony that the defendant was indeed present. However, this fact is virtually undenied. So, we fail to see that any prejudice resulted from this passing remark.

The objection to the ruling arose when Agent Dempsey and informant Scarlett

were arranging for the purchase of LSD from Klusman. Dempsey said that Scarlett told Klusman they "didn't have all night to wait around." Counsel for defendant objected saying that it was hearsay. The court stated "Overruled. The defendant was present." In effect, the court was saying that it was not hearsay, and we are unable to find any prejudice in this statement. We must note, in addition, that if it were to be regarded as error, it would have to be plain error since no objection was made. Federal Rule of Criminal Procedure 52(b); *United States v. Popejoy*, 578 F.2d 1346 (10th Cir.), *cert. denied*, 439 U.S. 896, 99 S.Ct. 257, 58 L.Ed.2d 243 (1978).

As we have indicated, the evidence overwhelmingly established that the defendant was indeed present. Two government eyewitnesses identified the defendant and testified as to his presence at the scene. Their evidence was corroborated by the circumstances, and there was no contradiction other than that which might be gleaned from the questions of defense counsel, and this is not evidence.

## III.

### THE ALLEGED ERROR FROM THE REFUSAL OF THE COURT TO CHARGE THE JURY THAT THEY SHOULD BE CAUTIOUS ABOUT THE TESTIMONY OF INFORMANTS

■ On cross-examination, Dempsey testified that informant Scarlett was working for the Drug Enforcement Administration in return for favorable consideration of charges pending against him. However, the important fact which interferes with the serious consideration of the defendant's

argument that a cautionary instruction should have been given is that Scarlett did *not* even testify at the trial. It is true that Scarlett's name was mentioned many times, but his credibility as a witness was never introduced and could not have been an issue in the case. The remarks in the testimony relative to the testimony of Scarlett, the informer, were unimportant in relationship to the government's case as a whole. These remarks were offered merely to complete the narrative of Dempsey as to the details of the sale and did not establish any element of the crime.[1] To give a cautionary instruction would result in confusion.

In the light of the mentioned considerations, it is our conclusion that the court did not err in refusing to give the instruction.

We conclude that the judgment of the district court should be and the same is hereby affirmed.

---

1. *Todd v. United States*, 345 F.2d 299 (10th Cir. 1965), considered the effect of having corroborative evidence. The court considered the question of whether the trial court's refusal to give a requested cautionary instruction on an informer's testimony was prejudicial error. The court stated:

  [I]f the incriminating testimony of an informer is uncorroborated or unsubstantiated, special cautionary instructions are surely required. If such testimony is corroborated in critical respects, we nevertheless favor careful instructions in form and substance calculated to call attention to the character of the

testimony of the informer, leaving to the jury the ultimate question of value and credibility. There is no ritual of words, and abstract instructions are usually beamed to the appellate court rather than to the jury. The sufficiency of the instructions depends upon other incriminating circumstances of the case tending to corroborate the informer. (Citations omitted.)

  *Id.* at 300.

  The court concluded that, because of the substantial corroboration in the case, the refusal to give the instruction was not reversible error.