PEOPLE v McDONALD

Docket No. 46231. Submitted May 14, 1980, at Marquette.—Decided July 24, 1980.

Meco McDonald was convicted of assault with intent to rob while armed and was placed on probation. The Recorder's Court of Detroit, Donald L. Hobson, J., subsequently revoked his probation on his failure to report to his probation officer. He appeals by leave granted, alleging that the trial court's failure to consider a presentence report before imposing sentence requires resentencing. *Held:*

Use of presentence reports is mandatory in felony cases, and resentencing is required where the record does not disclose that such a report was prepared and consulted by the trial court.

Remanded for sentencing.

1. CRIMINAL LAW — PRESENTENCE REPORTS — MANDATORY NATURE — STATUTES — CRIMINAL PROCEDURE.

Presentence reports regarding a defendant accused of committing a felony must be considered by a trial court prior to sentencing (MCL 771.14; MSA 28.1144).

2. CRIMINAL LAW — PRESENTENCE REPORTS — WAIVER — RESENTENCE — CRIMINAL PROCEDURE.

Production of presentence reports in felony cases may not be waived even if all parties agree, and resentencing is required where the record does not disclose that a presentence report was prepared and consulted.

3. CRIMINAL LAW — PRESENTENCE REPORTS — SUBSEQUENT PROCEEDINGS — NECESSITY TO UPDATE — CRIMINAL PROCEDURE.

Consultation by a trial court of a presentence report regarding a particular defendant during a previous hearing on a separate matter does not satisfy the requirement of consulting a reasonably updated presentence report during subsequent proceedings involving the same defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2, 3] 21 Am Jur 2d, Criminal Law § 527.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*James W. McGinnis,* for defendant on appeal.

Before: MacKenzie, P.J., and Bronson and Allen, JJ.

Per Curiam. Defendant was convicted on his plea of guilty on April 21, 1975, to a charge of assault with intent to rob while armed, MCL 750.89; MSA 28.284. On April 25, 1975, he was sentenced to a five-year period of probation, the first six months to be spent in the Detroit House of Correction. On May 4, 1978, defendant pled guilty to violating the terms of his probation by admitting he had not paid certain court costs and that he had not obtained a high school diploma. He was then sentenced to a prison term of from 5 to 15 years. Defendant then brought a motion to set aside the violation of probation and vacate the sentence imposed, which was granted by the trial court on August 28, 1978, and defendant was restored to his probation. On December 14, 1978, a second notice of probation violation was filed, alleging a failure to report since September 27, 1978. Defendant pled not guilty, but after a hearing held on April 30, 1979, defendant was found in violation of his probation. On May 3, 1979, he was again sentenced to a prison term of from 5 to 15 years. Defendant's claim of appeal to this Court was not timely but was treated as an application for delayed appeal and granted.

Defendant attacks only his sentence on appeal. He argues that he must be resentenced because

the trial court failed to consider a presentence report. We agree. The record of defendant's sentencing on May 3, 1979, reveals no mention of a presentence report. Such reports are mandatory in this state in felony cases. MCL 771.14; MSA 28.1144. Use of the report serves the announced policy of individualizing criminal punishment in an informed manner. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974), *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973). They are considered so important a tool in the exercise of the trial court's sentencing discretion that production may not be waived even if all parties agree. *People v Brown,* 393 Mich 174, 181; 224 NW2d 38 (1974). Given the preeminent position of the presentence report in Michigan criminal procedure, resentencing is required where the record does not disclose that a presentence report was prepared and consulted.

The prosecution argues that no error occurred because the record of defendant's May 4, 1978, sentencing discloses that a presentence report was considered at that time. The prosecution ignores the fact, however, that the probation violation and sentence arising out of the May 4, 1978, proceedings were later set aside. Defendant is clearly challenging his May 3, 1979, sentence which arose out of a second probation violation based on different grounds than the first. The fact that the trial court had consulted a presentence report during a hearing on a separate matter held a year before does not excuse the failure to consult such a report during the proceedings presently before this Court.

The prosecution's reference to the May 4, 1978, sentencing proceedings brings to light another rule regarding presentence reports that is applicable to the instant case. In *People v Triplett,* 407 Mich

510; 287 NW2d 165 (1980), the Supreme Court held that a "reasonably updated" presentence report is required. Twice during the proceedings on May 4, 1978, the trial court characterized the presentence report before it as "old". Although not clearly stated, it is reasonable to infer that the report used in 1978 had been prepared for defendant's original sentencing in 1975. At resentencing, the trial court shall consider a "reasonably updated" presentence report.

Remanded for resentencing. We do not retain jurisdiction.