(No. 53987

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GARY G. WUNNENBERG, Appellee.

*Opinion filed May 22, 1981.*

Tyrone C. Fahner, Attorney General, of Springfield and Stephen Landuyt, State's Attorney, of Oquawka (Melbourne A. Noel, Jr., Michael Vujovich, and Michael V. Accettura, Assistant Attorneys General, and John X. Breslin and Kenneth A. Wilhelm, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Thomas A. Lilien, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

In the circuit court of Henderson County, defendant, Gary Wunnenberg, pleaded guilty to three charges of unlawful delivery of a controlled substance. On March 12, 1979, the court sentenced defendant to a 3½-year imprisonment term for each felony, to be served concurrently. By majority decision, the appellate court vacated the sentences and remanded for resentencing. 87 Ill. App. 3d 32.

This case presents one narrow issue: Did the trial court properly consider defendant's prior conviction under the Federal Youth Corrections Act (Act) (18 U.S.C. sec. 5005 *et seq.* (1964)) as an aggravating factor in sentencing when that prior conviction had been set aside?

Here, the facts are uncontroverted. The presentence

investigation report, submitted at the sentencing hearing, contained a 1969 guilty plea by defendant in the United States District Court for the Western District of Missouri to three counts of possession of counterfeit money. The district court sentenced defendant to three years' probation under the Federal Youth Corrections Act (18 U.S.C. sec. 5010(a) (1964)). The same report also contained a February 10, 1971, order by the Missouri district court setting aside defendant's 1969 conviction, pursuant to 18 U.S.C. section 5021(b) (1964), and discharging him from probation. The trial court, over defendant's objections, considered the Federal conviction as a factor in aggravation in sentencing. Among the factors in mitigation the trial court considered the remoteness in time of the Missouri proceeding. The appellate court held that the trial court erred in considering the Missouri proceeding as an aggravating factor in sentencing.

18 U.S.C. section 5010(a) (1964) provides:

"If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation."

18 U.S.C. section 5021(b) (1964) provides:

"Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect."

As both the State and defendant point out, Federal courts have taken differing views in interpreting the meaning of a "set-aside" conviction under section 5021. Several courts have refused to treat section 5021(b) as an expungement provision. (See *United States v. Doe* (6th Cir. 1977), 556 F.2d 391, 393; *United States v. McMains* (8th Cir.

1976), 540 F.2d 387, 389; *United States v. Hall* (S.D.N.Y. 1977), 452 F. Supp. 1008, 1012; *United States v. Heller* (N.D. Ohio 1976), 435 F. Supp. 955, 956; *Fite v. Retail Credit Co.* (D. Mont. 1975), 386 F. Supp. 1045, 1047, *aff'd* (9th Cir. 1976), 537 F.2d 384.) On the other hand, several decisions, in *dicta,* have suggested that section 5021 should be read as an expungement statute. (See *United States v. Wallulatum* (9th Cir. 1979), 600 F.2d 1261, 1262; *United States v. Fryer* (6th Cir. 1976), 545 F.2d 11, 13 (although the Sixth Circuit later ruled in *United States v. Doe* that section 5021 does not authorize expunction because the Act does not provide for obliteration of the records); *United States v. Dancy* (D.C. Cir. 1975); 510 F.2d 779, 782 n.11; *Tatum v. United States* (D.C. Cir. 1962), 310 F.2d 854, 856 n.2; *United States v. Glasgow* (D.D.C. 1975), 389 F. Supp. 217, 224 n.17.) Most recently, three Federal courts directly confronted with the question held that section 5021 mandates expungement. See *Doe v. Webster* (D.C. Cir. 1979), 606 F.2d 1226, 1244 (interpreting the section to require expungement of the conviction record); *United States v. Doe* (D.R.I. 1980), 496 F. Supp. 650, 653, and *United States v. Henderson* (D.N.J. 1979), 482 F. Supp. 234, 244 (the latter two cases interpreting the section to require expungement of entire record, including arrest).

Although disagreement exists as to the propriety of equating a set-aside conviction with expungement, there is a clear consensus of opinion in the cited cases that a set-aside conviction under the Youth Corrections Act should not burden the youth offender later in life. For example, the District of Columbia Circuit Court of Appeals stated in *Doe v. Webster:*

"It is clear that if [the] purposes of the Act are to be effectuated, the set-aside provision must be accorded a liberal construction which allows the rehabilitated youthful offender a meaningful fresh

start by protecting him from those 'stigma' consequences of his conviction which impede his reintegration into society, as distinguished from an interpretation which grudgingly focuses only on the removal of 'legal' disabilities which are of more limited value to the youthful ex-offender seeking to reestablish a useful, productive, and law-abiding life." 606 F.2d 1226, 1238.

Similarly, in *Tatum v. United States,* the same court stated that "a person sentenced under the Youth Corrections Act can, by virtue of his own good conduct, be spared the lifelong burden of a criminal record." 310 F.2d 854, 856.

In *Mestre Morera v. United States Immigration & Naturalization Service* (1st Cir. 1972), 462 F.2d 1030, the court held that an alien could not be deported on the basis of a narcotics conviction that had been set aside under section 5021. The court stated:

"The clear purpose for the automatic setting aside of a youthful offender's conviction if he responds satisfactorily to treatment under the Youth Correction Act is to relieve him not only of the usual disabilities of a criminal conviction, but also to give him a second chance free of a record tainted by such a conviction ***. We are unable to presume that Congress, without any reference to such an intent, meant in section 5021 to provide for setting aside a conviction for some purposes but not for others." (462 F.2d 1030, 1032.)

(Accord, *United States v. Fryer* (6th Cir. 1976), 545 F.2d 11, 13.) In *Fryer,* the district court vacated defendant's conviction for Federal firearms offenses that included a prior felony conviction as an essential element. The Sixth Circuit affirmed the district court's holding that a set-aside conviction under the Act could not constitute a prior conviction for the purpose of the firearms offenses. See

also *United States v. Purgason* (4th Cir. 1977), 565 F.2d 1279, 1280, where the court, in a similar holding, stated:

"We find it unnecessary to decide whether the statute is one of expunction in the broad sense of that term for the answer to the present case is found in the plain language of Section 5021(b) which states that the unconditional discharge from probation 'shall automatically set aside the conviction ***.' To us it is clear that a conviction which is set aside by the court is vacated and can have no further operative effect. Aside from the clarity of the statutory language, such a construction is consistent with the rehabilitative purposes of the Youth Corrections Act which was designed to permit youthful offenders to lead their lives free from the stigma and effects of a felony conviction."

It is clear that these cases contemplate that a set-aside conviction under section 5021 will not impair a person's future, for criminal or noncriminal purposes. Even the cases that decline to equate section 5021 with expungement do not envision a set-aside conviction as having subsequent criminal consequences. (See *United States v. Doe* (6th Cir. 1977), 556 F.2d 391, 393 ("This automatic effect of the discharge and the requirement of a certificate provide a unique shield from the prejudicial effects of a criminal conviction"); *United States v. Hall* (S.D.N.Y. 1977) 452 F. Supp. 1008, 1013 ("For all 'legal' purposes, the defendant no longer has a criminal 'record' and can resume his life anew without the stigma of a conviction").) State courts have also construed the purpose of section 5021 to be to prevent a set-aside conviction from having criminal consequences. In *State v. Pacheco* (1978), 121 Ariz. 88, 91, 588 P.2d 830, 833, the Arizona Supreme Court held that a conviction set aside under section 5021 could not be used to sentence one under the State recidivist statute. See also *People v. Garcia* (1978), 402

N.Y.S.2d 164, 93 Misc. 2d 667.

These cases all recognize the rehabilitative aspects of the Act (see S. Rep. No. 1180, 81st Cong., 2d Sess. (1950); H.R. Rep. No. 2979, 81st Cong., 2d Sess. (1950), reprinted in 1950 U.S. Code Cong. & Ad. News 3983) and its purpose of providing youthful ex-offenders a fresh start free of the taint attached to a criminal conviction. Indeed, the judicial drafters of the Act consistently emphasized that a primary purpose of the then-proposed statute was to ensure that "committed youth offenders who earn their final discharge before the end of their maximum term have their records cleared and all their civil rights restored" and that "when the [Youth Correction] Division turns them out ahead of their maximum sentence, this law blots out their sentence and lets them go without any stigma on their life." Hearings on S. 1114 and S. 2609 Before a Subcommittee of the Senate Committee on the Judiciary, 81st Cong., 1st Sess. at 14, 19 (1949).

The State argues that a set-aside conviction under the Federal Youth Corrections Act is analagous to a prior juvenile record under our Juvenile Court Act (Ill. Rev. Stat. 1979, ch. 37, par. 701—1 *et seq.*). We disagree. First, the Juvenile Court Act has no set-aside provision for a juvenile record comparable to that provided in the Federal act. Second, under the Juvenile Court Act a prior juvenile record may be considered in determining the sentence to be imposed in subsequent criminal matters. (Ill. Rev. Stat. 1979, ch. 37, par. 702—9(2); *People v. Powell* (1973), 53 Ill. 2d 465, 479.) The inclusion of this express language stands in direct contrast to the Federal Youth Corrections Act where such language is omitted.

We are not faced with a situation where a youth demonstrated a continuing pattern of criminal behavior that resulted in a series of criminal convictions which were subsequently set aside. Here, the record reveals a single judgment of conviction entered against defendant for

which he received a sentence of probation. Prior to the expiration of the probationary period, the conviction was set aside. Our review of the cases and the underlying purpose of the Act, derived from the legislative history, leads to the conclusion that defendant's set-aside conviction under section 5021 should not have subsequent repercussions, either of a criminal or noncriminal nature. Accordingly, defendant's set-aside conviction should not have been considered, however remotely, as an aggravating factor in sentencing for the instant offense.

For the reasons stated, the judgment of the appellate court is affirmed and the cause is remanded to the circuit court of Henderson County for resentencing.

*Affirmed and remanded.*