PEOPLE v BAKER

Docket No. 57514. Submitted December 9, 1981, at Lansing.—Decided
    October 5, 1982.

George H. Baker was convicted, on his plea of guilty, of larceny of
    property of a value of more than $100, Oakland Circuit Court,
    Robert L. Templin, J. The trial court delayed sentencing and
    required the payment of partial restitution. At a later sentenc-
    ing hearing the court again delayed sentencing and imposed
    the payment of further restitution. Subsequently the court
    noted that very little of the additional restitution had been
    repaid and sentenced defendant to prison. Defendant's motion
    to vacate the sentence was denied and defendant appeals.
    Defendant alleges that the court lost the jurisdiction to sen-
    tence him because the sentence was imposed more than one
    year after his conviction, that the court erred by considering a
    prior federal conviction which had been set aside under a
    federal statute, that his imprisonment violated equal protection
    because it was based on his failure to pay restitution, and that

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 526.
Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 7,
    9.
47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children § 9.
Increased sentences for dangerous offenders under 18 USCS § 3575.
    41 ALR Fed 576.
Consideration of accused's juvenile court record in sentencing for
    offense committed as adult. 64 ALR3d 1291.
What constitutes former "conviction" within statute enhancing
    penalty for second or subsequent offense. 5 ALR2d 1080.
[3] 21 Am Jur 2d, Criminal Law § 572.
Ability to pay as necessary consideration conditioning probation or
    suspended sentence upon reparation or restitution. 73 ALR3d
    1240.
[4] 21 Am Jur 2d, Criminal Law §§ 559, 565.
What constitutes "good behavior" within statute or judicial order
    expressly conditioning suspension of sentence thereon. 58 ALR3d
    1156.
[5] 21 Am Jur 2d, Criminal Law § 535.

the court erroneously believed the defendant had more than one prior felony conviction. *Held:*

1. Defendant was sentenced 1 year and 33 days after his plea was accepted. A delay beyond one year does not deprive the court of its jurisdiction to sentence the defendant where the delay occurs for some purpose other than those purposes involved in deferring sentence. In this case, the statutory one-year period did not begin to run until after a reasonable time following the plea to prepare a presentence report. Further, the defendant consented to the delay in sentencing. Under the circumstances of this case, the court did not lose its jurisdiction to sentence the defendant.

2. The defendant's prior conviction had been set aside under the Federal Youth Corrections Act. In order for the sentencing court to set an individualized sentence, however, the court needs complete information. Therefore, it was not improper for the court to consider the prior conviction which had been set aside.

3. Requiring a defendant to make good faith efforts to find a job and enable himself to make restitution does not violate equal protection guarantees. Because it is not clear from the record whether the court regarded defendant's efforts to find a job as inadequate or viewed them as irrelevant, the case is remanded for a determination of whether defendant's failure to find a job in order to make restitution was due to circumstances beyond his control. If so, he should be resentenced.

4. Also on remand the court should consider whether the sentence was based on the mistaken belief that the defendant had more than one prior felony conviction. If so, resentencing is ordered.

Remanded.

1. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

A trial court may delay the imposition of sentence, in a case in which the defendant may be placed on probation, for a period of up to one year to give the defendant an opportunity to prove his eligibility for probation or other leniency; where an additional delay occurs for some purpose other than those purposes involved in deferred sentencing, such as the time required to prepare a presentence report, the court is not deprived of its jurisdiction to sentence the defendant (MCL 771.1; MSA 28.1131).

2. CRIMINAL LAW — SENTENCING — PRIOR CONVICTIONS.

A defendant's prior conviction which had been set aside under

the Federal Youth Corrections Act may properly be considered by a sentencing court, since complete information is needed to set an individualized sentence which both serves society's need for protection and maximizes the defendant's potential for rehabilitation (18 USC 5021[b]).

3. CRIMINAL LAW — PROBATION — RESTITUTION.

Probation may not be revoked for a defendant's failure to make required restitution payments where the defendant is financially unable to make the payments, as revocation in such circumstances constitutes impermissible discrimination on the basis of economic status; however, no violation of equal protection is presented by requiring a defendant to make a good faith effort to find a job and enable himself to make restitution.

4. CRIMINAL LAW — SENTENCING — CONDITIONS OF SENTENCE.

A defendant who has been given an opportunity to demonstrate eligibility for lenient treatment is entitled to a hearing on the question of whether his failure to comply with conditions imposed upon him was in fact due to circumstances beyond the defendant's control.

5. CRIMINAL LAW — SENTENCING — APPEAL.

The issue of whether a sentencing court mistakenly believed a defendant had previously been convicted of several felonies, where the defendant in fact had only one previous felony conviction, is preserved for appellate review by a motion to vacate the sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol,* Assistant Prosecuting Attorney, for the people.

*Jacobs & Miller* (by *John J. Schutza),* for defendant on appeal.

Before: MacKENZIE, P.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

MacKENZIE, P.J. Defendant was charged with embezzlement of property of a value of more than $100, MCL 750.174; MSA 28.371. On November 16,

1979, defendant pled guilty to larceny of property of a value of more than $100, MCL 750.356; MSA 28.588. Defendant admitted taking approximately $18,000 from a gas station at which he was the manager. The court delayed sentencing until January 4, 1980, and imposed the condition that defendant pay $4,000 toward restitution. At the hearing on January 4, 1980, the judge noted that defendant had paid the $4,000 toward restitution, delayed sentencing until December 19, 1980, and imposed the condition that defendant pay further restitution at the rate of $200 per month. At the hearing on December 19, 1980, the judge noted that defendant had paid only $300 toward restitution since the previous hearing. Defendant explained that he had been out of work and unable to find a job. Defendant was sentenced to imprisonment for two to five years. Defendant's motion to vacate the sentence was denied and defendant appeals by right.

I

Defendant first argues that through delay the circuit court lost jurisdiction to sentence him and that his sentence must therefore be vacated. Michigan courts have long been empowered to delay sentencing for good cause for a reasonable time after trial and conviction. *People v Reilly,* 53 Mich 260; 18 NW 849 (1884); *People v Kennedy,* 58 Mich 372; 25 NW 318 (1885). In *People v Jagosz,* 253 Mich 290; 235 NW 160 (1931), the Court held that a delay of 63 days after conviction before sentence was imposed presented no error even though no cause for the delay was shown. By 1961 PA 185 the Legislature amended the statute which is now MCL 771.1; MSA 28.1131 to specifically authorize

delayed sentencing in certain circumstances. That statute now provides in relevant part:

"[I]n an action in which the court may place the defendant on probation, it may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or other leniency compatible with the ends of justice and the rehabilitation of the defendant. When the sentencing is delayed, the court shall make an order stating the reason for delay, which order shall be entered upon the records of the court. The delay in passing sentence shall not deprive the court of jurisdiction to sentence the defendant at any time during the extended period."

The statute was construed in *People v McLott,* 70 Mich App 524, 528-531; 245 NW2d 814 (1976):

"The deferred sentencing statute is not as plain and unambiguous as defendant would have us believe. It states that the court *does not lose* jurisdiction to sentence if sentencing is completed within one year. It does not forthrightly state that jurisdiction is lost if for some reason, particularly if the reason be sound or unavoidable, sentencing is postponed beyond the year deadline. Thus, it is only inferentially that one arrives at a conclusion that in every instance jurisdiction is lost. We also note that when carefully read the statute grants a one-year delay 'for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice'. Thus, the statute does not speak to whether an additional delay can be granted for some other purposes such as allowing a trial judge to recover from illness. Accordingly, there is room for construction of the statute. Neither logic nor precedent based upon analogous situations leads us to conclude that the Legislature intended that jurisdiction is irretrievably lost in every situation where the delay in sentencing exceeds one year. * * *

"An analogous situation is found in the Court's construction of the statutory 180-day rule in MCLA 780.131; MSA 28.969(1). That statute requires that where charges are pending against an inmate in the Department of Corrections 'such inmate shall be brought to trial within 180 days' and MCLA 780.133; MSA 28.969(3), provides that if action is not commenced within the 180-day period 'no court of this state shall any longer have jurisdiction thereof'. Despite the clear wording of the statute the Court has held that the law doesn't require actual trial but only a good faith effort to try on the part of the prosecution. *People v Castelli,* 370 Mich 147, 153; 121 NW2d 438 (1963); *People v Wilder,* 51 Mich App 280, 284; 214 NW2d 749 (1974). * * *

"Our analogy to the statutory 180-day rule does not imply that we hold that the one-year limitation of the within statute may be exceeded whenever a good faith effort is evident. In our opinion the prompt and efficient administration of justice including a final dispensation of sentence mandates a stricter interpretation of the statute, *viz.:* one which would permit the one-year period to be exceeded in only the most limited circumstances." (Footnote omitted.)

In *People v Turner,* 92 Mich App 485, 489; 285 NW2d 340 (1979), the Court said:

"Waiver of the right to be sentenced by consenting to a delay is meaningless. Such a consent is inherently unsound since a defendant, as a practical matter, will always opt for freedom. Furthermore, the question of retention or loss of jurisdiction should not depend solely on the consent or waiver of the defendant. See *People ex rel Harty v Fay,* 10 NY2d 374; 179 NE2d 483 (1961)."

While we agree that the question of retention or loss or jurisdiction should not depend *solely* on the consent or waiver of defendant, we find the *Turner* panel's characterization of waiver as "meaningless" impossible to reconcile with the Supreme

Court's holding in *In re Tinholt,* 223 Mich 483, 484; 194 NW 131 (1923):

> "By consenting, plaintiff has waived the right to complain of the indefinite postponement. Assuming that, though the agreed postponement was indefinite, the delay thereunder should not be unreasonable, we find, under the circumstances, no unreasonable delay."

Here defendant was eventually sentenced 1 year and 33 days after his plea of guilty. However, as was noted in *McLott,* the statute does not deprive the sentencing court of jurisdiction when an additional delay takes place for some purpose other than those purposes involved in deferred sentencing. A defendant may not be sentenced for a felony before the judge obtains a presentence report. *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974). Resentencing is required where the record does not reveal that a presentence report was prepared or consulted. *People v McDonald,* 99 Mich App 150; 297 NW2d 639 (1980). In an ordinary case, we would hold that the statutory period does not begin to run until the original sentence hearing, provided that the hearing was not delayed beyond a reasonable time necessary for preparation of a presentence report. Compare *People v Felker,* 61 Mich 110, 113; 27 NW 869 (1886). Here, however, the record demonstrates that proper procedures were bypassed with defendant's consent. At the plea proceeding on November 16, 1979, immediately after a factual basis for the plea was elicited from defendant, the following took place:

> "*The Court:* Very well, the court wants to indicate it has discussed the matter of your sentence in chambers this morning with counsel and I want to ask the prosecutor and defense counsel if in their opinion the court has complied with court rule 785.7?

"*[Assistant Prosecutor]*: Yes, your Honor.

"*[Defense counsel]*: Defense is satisfied.

"*The Court:* I'm satisfied the plea is accurate, voluntarily and understandingly made and I will accept the plea.

"What I'm going to do is delay sentencing in this matter until January 4, 1980, for the condition that you make payment into the court of $4,000 at that time. At that time, then, we'll reconsider your sentence."

As the record does not show that a presentence report was prepared or consulted before the foregoing took place, part of the delay between November 16, 1979, and January 4, 1980, was attributable to the necessity for preparation of a presentence report. It is not clear if all of the delay was attributable to that necessity, since January 4, 1980, appears to have been selected for the next sentencing hearing as part of an invalid attempt at delayed sentencing. We hold that, under the unique circumstances presented here, the statutory period did not begin to run until after a reasonable time necessary for preparation of a presentence report. We note that, in any event, the delay of 33 days beyond the statutory 1-year period was less than the unexplained delay of 63 days which the Court in *Jagosz, supra,* held did not deprive the sentencing court of jurisdiction. We further note that defendant consented to the delay in sentencing. At sentencing on December 19, 1980, defendant sought a further delay on the ground that he had recently qualified for a job and would soon be able to make further restitution. Under the circumstances presented here, we cannot say that the circuit court lost jurisdiction to sentence defendant.

II

Defendant argues that the sentencing judge

erred by considering his federal conviction for conspiracy to commit theft from an interstate shipment, 18 USC 371. The conviction had been set aside under the Federal Youth Corrections Act, 18 USC 5005 *et seq.* 18 USC 5021(b) provides:

"Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect."

Defendant argues that a conviction set aside under the act is "expunged" and that thereafter the youth offender may not be considered a convicted felon for any purpose. There has been considerable controversy in federal courts as to whether a conviction set aside under the act is "expunged" and as to the effect of setting aside a conviction whether or not it is considered "expunged". See the cases discussed in Anno: *Construction & application of provisions of federal youth corrections act (18 USCS § 5021) authorizing setting aside of youth offender's conviction,* 38 ALR Fed 470. Two cases have considered whether the conviction set aside under the act may be considered in sentencing. In *People v Wunnenberg,* 85 Ill 2d 188; 52 Ill Dec 42; 421 NE2d 905 (1981), *aff'g* 87 Ill App 3d 32; 42 Ill Dec 606; 409 NE2d 101 (1980), the court held that such a conviction should not be considered in sentencing because the purpose of the act is to give a youthful offender a second chance free of a record tainted by such a conviction. However, in *United*

*States v Klusman,* 607 F2d 1331, 1334 (CA 10, 1979), the sentencing judge stated on the record that he remembered defendant's conviction in previous proceedings before him. The conviction had subsequently been set aside under the act. The court noted the public interest in the sentencing judge's broad discretion to design a sentence to fit an individual defendant and held that it was unnecessary to remand the case for determination of whether the conviction was actually a factor in sentencing.

*Wunnenberg* and *Klusman* show that the issue before us does not turn on whether a conviction set aside under the act is characterized as "expunged". Rather, resolution of this issue requires us to balance and, if possible, reconcile the competing policies noted in *Wunnenberg* and *Klusman.* In *People v McFarlin,* 389 Mich 557, 574-575; 208 NW2d 504 (1973), the Court held that a defendant's juvenile record could be considered in sentencing. The Court explained:

"The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential. While the resources allocated for rehabilitation may be inadequate and some persons question whether rehabilitation can be achieved in the prison setting, this view of sentencing is the present policy of the state. A judge needs complete information to set a proper individualized sentence. A defendant's juvenile court history may reveal a pattern of lawbreaking and his response to previous rehabilitative efforts. This, together with information concerning underlying social or family difficulties, and a host of other facts are essential to an informed sentencing decision, especially if the offender is a young adult."

We agree with the *Wunnenberg* court that the purpose of setting aside a conviction under the act is to give a youthful offender a second chance free of a record tainted by a conviction. Setting aside a conviction under the act thus is a part of a program of rehabilitation. However, where defendant is subsequently convicted of another crime it is evident that rehabilitation has not been successful and that further efforts will be necessary. *McFarlin* shows that complete information is necessary to set an individualized sentence which both serves society's need for protection and maximizes defendant's potential for rehabilitation. We therefore conclude that the rehabilitative goals of the act would not be served by a rule which prevents a sentencing judge from considering a conviction set aside under the act.

### III

Defendant argues that the guarantees of equal protection of laws contained in US Const, Am XIV and Const 1963, art 1, § 2 were violated when the sentencing judge imposed a term of imprisonment. Defendant points out that the sentencing judge relied on his failure to make restitution and argues that he was prevented from making restitution by indigency. It is well settled in Michigan that probation may not be revoked for failure to make required restitution payments where defendant is financially unable to make the payments. Revocation in such circumstances constitutes impermissible discrimination on the basis of economic status. *People v Gallagher,* 55 Mich App 613, 620; 223 NW2d 92 (1974); *People v Billy Williams,* 66 Mich App 67, 72; 238 NW2d 407 (1975); *People v Terminelli,* 68 Mich App 635, 637-638; 243 NW2d 703 (1976); *People v Lemon,* 80

Mich App 737, 745; 265 NW2d 31 (1978); *People v Courtney,* 104 Mich App 454, 457; 304 NW2d 603 (1981). The purpose of delayed sentencing is to give a defendant an opportunity to prove himself eligible for probation or other lenient treatment. See MCL 771.1; MSA 28.1131. It is no more consistent with the constitutional guarantees of equal protection to deny defendant probation or other lenient treatment on the basis of his economic status than to revoke defendant's probation on such a basis. We see no basis, however, for holding that a violation of equal protection is presented by requiring defendant to make good faith efforts to find a job and enable himself to make restitution.

The record here does not clearly demonstrate that defendant was denied probation or other lenient treatment on the basis of his economic status. At sentencing, defendant explained his efforts to find a job and enable himself to make restitution. The sentencing judge responded:

"I realize it isn't easy to find a decent job today, certainly, but you just haven't done—you just haven't measured up."

At the hearing on defendant's motion to vacate the sentence, a similar argument was made. The sentencing judge responded:

"There was a special treatment given to him to keep him out of jail. He didn't measure up to it. But I see nothing there that convinces the court to dismiss the charge or change its opinion or prior holding on the matter so I'm denying the motion."

We are unable to discern from the foregoing whether the sentencing judge regarded defendant's

efforts to find a job and enable himself to make restitution as inadequate or whether the judge viewed defendant's efforts as irrelevant in view of his failure to make restitution. A similar problem was presented in *People v Fisher,* 106 Mich App 616, 619-620; 308 NW2d 188 (1981), in which the Court held:

"We believe that principles of fairness mandate that, where, as here, the trial court gives a defendant an opportunity to demonstrate eligibility for lenient treatment, defendant is entitled to a hearing as to whether failure to comply with conditions imposed on defendant was in fact due to circumstances beyond defendant's control.

"We therefore remand the case for such a determination. We note in doing so that we do not require a hearing in every case of sentencing after a delay. All we require here is that the trial court act in conformity with its own pronouncements. We note further that the trial court is not responsible for providing treatment for defendant's alcoholism and that it may still, in its discretion, decide that incarceration is necessary if defendant has not, in fact, stopped drinking or did not attend a suitable alcohol treatment program."

Application of a similar remedy is appropriate here. If, on remand, the sentencing judge finds that defendant's failure to find a job and enable himself to make restitution was due to circumstances beyond his control, defendant's sentence should be vacated and defendant resentenced.

## IV

Defendant also argues that his sentence was influenced by the judge's erroneous belief that he had several prior felony convictions. At sentencing, the judge said:

"Well, I appreciate what you've said, Mr. Baker, but the problem is, as you know you have a record of *felonies* here. You've never really done any time at all and maybe that's been the problem." (Emphasis added.)

It is undisputed that defendant had only one prior felony conviction, the federal conviction discussed above. Defendant preserved this issue for appellate review by a motion to vacate the sentence; see *Guilty Plea Cases,* 395 Mich 96, 137; 235 NW2d 132 (1975). It is not impossible that the sentencing judge's use of the plural of "felony" was a harmless slip of the tongue; however, the judge denied defendant's motion to vacate the sentence without explaining this point. If, on remand, the judge finds that defendant's sentence was based in part on a mistaken belief that defendant had more than one prior felony conviction, defendant's sentence should be vacated and defendant resentenced. *Id.,* 137.

Remanded for further proceedings not inconsistent with this opinion. We retain no jurisdiction.