194 N.J. Super. 371 (1984)
476 A.2d 1268
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH LONNIE STACKHOUSE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 18, 1984.
Decided June 28, 1984.
*372 Before Judges MATTHEWS, GAULKIN and SHEBELL.
Joan D. Van Pelt, attorney for appellant.
*373 Nicholas L. Bissell, Jr., Somerset County Prosecutor, attorney for respondent (Kathleen P. Holly, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant pleaded guilty to one count of second-degree burglary (N.J.S.A. 2C:18-2), 11 counts of third-degree burglary (N.J.S.A. 2C:18-2), 8 counts of theft (N.J.S.A. 2C:20-3) and one count of escape (N.J.S.A. 2C:29-5). Pursuant to the plea agreement the State agreed to recommend that two weapons possession counts be dismissed and that any custodial sentence not exceed 20 years in the aggregate with 10 years of parole ineligibility. The State successfully moved to have defendant sentenced to an extended term under N.J.S.A. 2C:44-3(a). Defendant was thereupon sentenced to concurrent terms aggregating 15 years with 7 1/2 years of parole ineligibility. On appeal from the judgment of conviction defendant urges that he was erroneously sentenced pursuant to N.J.S.A. 2C:44-3(a) and that there was an "insufficient factual basis" for his second-degree burglary plea. Since we find both contentions to be meritorious, we need not address the other issues raised by defendant.
Under N.J.S.A. 2C:44-3, the court may impose an extended term of imprisonment when:
a. The defendant is a persistent offender. A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.
Defendant's status as a persistent offender was based on two prior convictions, one state and one federal. On the federal offense defendant had been sentenced to 3 years probation pursuant to the Federal Youth Corrections Act of 1950 (YCA), 18 U.S.C.A. § 5005 et seq. That probationary term commenced on July 9, 1976; defendant was early discharged from probation *374 on April 16, 1979. The State stipulated that the federal conviction had been "set aside" pursuant to 18 U.S.C.A. § 5021:
5021. Certificate setting aside conviction.  (a) Upon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Commission shall issue to the youth offender a certificate to that effect.
(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.
Since defendant was unconditionally discharged from probation "prior to the expiration of the maximum period of probation" his conviction was automatically set aside. See Tuten v. United States, 460 U.S. 660, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983).
A conviction, once set aside pursuant to the YCA, should not constitute a predicate basis for sentencing pursuant to a recidivist statute. A conviction "set aside by the court is vacated and can have no further operative effect." United States v. Purgason, 565 F.2d 1279, 1280 (4th Cir.1977). This is consistent with federal court interpretations of the language of the YCA as well as its rehabilitative purposes and policies. See United States v. Arrington, 618 F.2d 1119, 1124 (5th Cir.1980), cert. den. 449 U.S. 1086, 101 S.Ct. 876, 66 L.Ed.2d 812 (1981); United States v. Fryer, 545 F.2d 11, 13 (6th Cir.1976). Those states to consider the question have determined that using a conviction already set aside under the YCA as a basis for enhanced punishment would offend the YCA's second chance policy for youth offenders. State v. Pacheco, 121 Ariz. 88, 588 P.2d 830, 833 (1978); People v. Wunnenberg, 85 Ill.2d 188, 52 Ill. Dec. 42, 46, 421 N.E.2d 905, 909 (1981); Smith v. State, 50 Md. App. 638, 440 A.2d 406, 407-10 (1982); People v. Garcia, 93 Misc.2d 667, 402 N.Y.S.2d 164, 166-67 (Sup.Ct. 1978). And the United States Supreme Court has held that "[a] person sentenced under a recidivist statute on the basis of a prior conviction that is subsequently set aside ... can move for a reduction *375 of sentence from the second sentencing court." Tuten v. United States, supra, 460 U.S. at ___ n. 13, 103 S.Ct. at 1417 n. 13, 75 L.Ed.2d at 366 n. 13.
This does not mean that the New Jersey statutes which permit the use of expunged records for purposes of sentencing have no relevance in these circumstances. Those statutes provide:
2C:52-19. Order of superior court permitting inspection of records or release of information; limitations
Inspection of the files and records, or release of the information contained therein, which are the subject of an order of expungement, or sealing under prior law, may be permitted by the Superior Court upon motion for good cause shown and compelling need based on specific facts. The motion or any order granted pursuant thereto shall specify the person or persons to whom the records and information are to be shown and the purpose for which they are to be utilized. Leave to inspect shall be granted by the court only in those instances where the subject matter of the records of arrest or conviction is the object of litigation or judicial proceedings. Such records may not be inspected or utilized in any subsequent civil or criminal proceeding for the purposes of impeachment or otherwise but may be used for purposes of sentencing on a subsequent offense after guilt has been established.
2C:52-21. Use of expunged records in conjunction with setting bail, presentence report of sentencing
Expunged records, or sealed records under prior law, of prior arrests or convictions shall be provided to any judge, county prosecutor, probation department or the Attorney General when same are requested for use in conjunction with a bail hearing or for the preparation of a presentence report or for purpose of sentencing.
The statutes permit access by sentencing judges to all relevant records and permit the use of all such records in making the sentencing decision. A set aside conviction, while not a "conviction" for purposes of N.J.S.A. 2C:44-3, is nevertheless available to a sentencing judge for consideration just as he might consider a defendant's arrest record and record of dismissed charges. See State v. Marzolf, 79 N.J. 167, 176-77 (1979). See also United States v. Campbell, 724 F.2d 812 (9th Cir.1984); United States v. Klusman, 607 F.2d 1331, 1334 (10th Cir.1979); People v. Baker, 120 Mich. App. 89, 327 N.W.2d 403 (1982).
We also find an insufficient factual basis for defendant's guilty plea to second-degree burglary. At his plea hearing *376 defendant testified that his friend committed a burglary, stealing a small revolver among other items. The friend then went to defendant's home and the two returned together to the burglarized house. It is not clear from the plea transcript whether either one had the revolver in his possession at that time. Defendant was charged only in that second entry into the house. There is therefore no basis to conclude that defendant was "armed with ... a deadly weapon" while "in the course of committing" the burglary. See N.J.S.A. 2C:18-2(b).
For the foregoing reasons the sentences are vacated. The matter is remanded to the Law Division with instructions to conduct a hearing to clarify the factual basis for the entry of the plea to second-degree burglary. If defendant, at such hearing, gives a sufficient basis for entry of that plea, it shall be accepted and defendant shall be resentenced on all counts in accordance with this opinion. If the defendant does not offer an adequate factual basis in support of the second-degree burglary plea, then all his guilty pleas shall be vacated and he shall have the option to renegotiate the plea agreement, if the State is willing to do so, or proceed to trial on all counts, including the dismissed counts, which shall be reinstated.