**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**James S. CAMPBELL,**
**Defendant/Appellant.**

**No. 83–3037.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 1983.

Decided Jan. 24, 1984.

As Amended on Denial of Rehearing
May 8, 1984.

Thomas M. Coffin, Asst. U.S. Atty., Eugene, Or., for plaintiff/appellee.

James C. Jagger, Jagger & Holland, Eugene, Or., for defendant/appellee.

Before WRIGHT, CANBY, and BOO-CHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

This is an appeal from a conviction for using a telephone to facilitate a conspiracy to distribute marijuana in violation of 21 U.S.C. § 843(b). It presents the novel question of whether a sentencing court may properly consider a prior drug conviction under the Federal Youth Corrections Act (FYCA), 18 U.S.C. § 5005 et seq. Campbell contends that the parole and probation department's reference in its presentence report to his prior FYCA conviction was improper. We do not agree.

Judges have broad discretion to consider a wide range of information in determining an appropriate sentence. *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Williams,* 668 F.2d 1064, 1072 (9th Cir.1981). We believe such information may include a prior conviction pursuant to the FYCA. In urging us to adopt a contrary position, Campbell relies on *United States v. Fryer,* 545 F.2d 11 (6th Cir.1976). This reliance is misplaced. The *Fryer* court held only that a prior FYCA conviction could not be used as the basis for a conviction pursuant to the firearms statute, 18 U.S.C. § 922(a)(6), which requires as an essential element of the offense a prior felony conviction. *Id.* at 13–14.

Although section 5021 provides for setting aside FYCA convictions, the expungement does not affect the nonpublic record retained by the Department of Justice. *Doe v. Webster,* 606 F.2d 1226, 1237 n. 47 (D.C.Cir.1979). In its exhaustive review of the legislative history of section 5021, the *Doe* court noted that Congress' clear intent was to prevent public dissemination, and particularly dissemination to prospective employers, of an FYCA conviction. *Id.* at 1234–1240. Nothing in that section suggests that the record may not be retained for later use by another court.

18 U.S.C. § 5038 specifically permits the release of the sealed record of a Federal Juvenile Delinquency Act (FJDA) proceeding, whether or not there is a conviction, to "another court of law," and to "an agency preparing a presentence report for another court." If a sealed record of a *proceeding* involving a person under the age of 18 may be used by another court, certainly an expunged record of an FYCA *conviction* applicable to a person under the age of 22 may be so used. 18 U.S.C. § 5006(d). The district court's judgment of conviction is

AFFIRMED.[1]

---

1. We have disposed of the other issues raised by Campbell on this appeal by a separate memorandum decision because they do not meet the standards set by Rule 21 of the Rules of this court for disposition by published opinion.