**Floyd L. BARNES, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

No. 86–499.

District of Columbia Court of Appeals.

Submitted June 5, 1987.
Decided July 29, 1987.

William T. Morrison, Washington, D.C., was on brief, for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Thomas E. Zeno and Dennis R. Carluzzo, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEBEKER, TERRY and ROGERS, Associate Judges.

NEBEKER, Associate Judge:

This appeal, from a denial of a motion to "reduce/correct" appellant's sentence, presents the question whether a conviction which has previously been "set aside" under 18 U.S.C. § 5021 (1982 & Supp. III 1985) may be considered in imposing sentence. We hold that it may, despite the due process challenge leveled at it.

Appellant Barnes pleaded guilty to involuntary manslaughter as a lesser-included offense of the crime of involuntary manslaughter while armed with a dangerous weapon, D.C.Code §§ 22-2405 (1981), -3202 (1986 Supp.), for which he was indicted. According to the presentence investigation report, made available to the judge at the sentencing hearing pursuant to Super.Ct. Crim.R. 32(b)(1), appellant had been involved in two prior criminal incidents. One of the previous incidents resulted in a conviction for armed robbery. The other incident, the one that is at issue in this appeal, involved a conviction for attempted robbery. This latter conviction had been "set aside" according to § 5021 of the Federal Youth Corrections Act (FYCA). 18 U.S.C. §§ 5005 *et seq.* (1982 & Supp. III 1985) (repealed 1984).[1] Appellant contends that he was denied due process of law when the sentencing judge considered the set-aside conviction prior to pronouncing appellant's sentence. The issue before us is whether a conviction which has been set aside pursuant to § 5021 of the FYCA may properly be brought to the attention of the court when the defendant is being sentenced for a later offense.

During the course of the sentencing hearing, there was a colloquy between the judge, counsel for appellant and the government regarding the prior criminal incidents appearing in the presentence investigation report. There was some question as to the exact number of prior convictions as well as to which one of them had been set aside under the FYCA. It was finally determined that there had been two prior convictions and that one had been set aside. After allocution by both counsel for appellant and the prosecutor, the judge addressed appellant in pronouncing the sentence:

THE COURT: All right, Mr. Barnes, first of all, Mr. Watters [defense counsel], I commend you on an excellent allocution. Nonetheless, I feel that Mr. Zeno's [prosecutor] representation is the correct one or Mr. Zeno's characterization is the correct one. I am sorry, Mr. Barnes, it appears that you were starting to clean up your life after rather disastrous earlier years and this has caused a regression, but somebody's dead and for no good purpose. So, Mr. Barnes, my sentence is as follows, a term of not less than forty months, nor more

---

1. Section 5021 provided:

(a) Upon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Commission shall issue to the youth offender a certificate to that effect.

(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

than twelve years for the Involuntary Manslaughter charge.

During the sentencing hearing, counsel for appellant did not comment either about the possible prejudice to appellant due to the appearance of the set-aside conviction in the presentence report or about the fact that the judge made a general reference to appellant's past criminal behavior in his remarks during pronouncement of the sentence.

Two months after the sentencing hearing, appellant filed a motion to "reduce/correct" sentence in which he contended that that there was a due process violation when information about the conviction which had been set aside came to the attention of the sentencing judge. Appellant argued that the records dealing with that particular conviction should have been sealed. Moreover, he argued, once the set-aside conviction became known to the court, it was impossible for the judge to impose a sentence without taking the prior behavior into account. Appellant urged that the conviction set aside under the FYCA should have had no bearing on the sentence imposed in the instant case.

The Superior Court order of March 12, 1986, which denied appellant's motion, stated that neither the record reflected nor did the court recall that appellant's set-aside conviction was a factor considered by the court when it determined the sentence in the present case. This appeal is from the denial of the motion to reduce/correct sentence. We, as appellant, read the record as reflecting consideration of the set-aside conviction.

On two other occasions we have addressed issues which arose concerning the operation of the FYCA "set-aside" provision. In *Tuten v. United States*, 440 A.2d 1008 (D.C.1982), *aff'd*, 460 U.S. 660, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983), we held that a prior conviction under the FYCA which had not been set aside under § 5021(b) could serve as the basis for imposing a recidivist penalty under D.C.Code § 22–3204 (1981). From that holding, it is understood that an earlier conviction which has been set aside cannot be considered for the purpose of an enhanced penalty under a recidivist statute. *Id.* at 1010. *See Tuten v. United States*, 460 U.S. 660, 664–65, 103 S.Ct. 1412, 1415–16, 75 L.Ed.2d 359 (1983). Recently, we discussed to a limited extent the operative effect of receiving a set-aside under § 5021(b), as it compares to that of a judgment of acquittal. *Lindsay v. United States*, 520 A.2d 1059 (D.C.1987). In *Lindsay*, we noted that "the set-aside conviction has sweeping effect in expunging the conviction from records available to the public, as well as removing legal disabilities created by the conviction." 520 A.2d at 1063.[2] Importantly, we further stated that "[t]he conviction records continue to be available to law enforcement personnel and court officials who have legitimate purposes for consulting the records." *Id.* Thus, in *Lindsay* we recognized that to set aside a conviction is not to obliterate the conviction records. Yet the question remains in the present case, to what extent may information about a prior conviction which has been set aside be used by the court in sentencing for a later offense.

The United States Court of Appeals for the District of Columbia Circuit examined the legislative history of the FYCA and stated that in order for the "purposes of the Act ... to be effectuated, the set-aside provision must be accorded a liberal construction." *Doe v. Webster*, 196 U.S.App. D.C. 319, 331, 606 F.2d 1226, 1238 (1979). Thus, expungement[3] was defined as re-

---

**2.** The term "legal disabilities" may be understood to refer to those disabilities "which attach to a criminal conviction by statute—*e.g.*, loss of the right to vote, to hold public office, or to execute and enforce contracts; loss of certain pension benefits; loss of capacity to testify, to serve as a juror, or as a court-appointed fiduciary; and grounds for divorce." *Doe v. Webster*, 196 U.S.App.D.C. 319, 326–27, 606 F.2d 1226, 1233–34 (1979). *See also Tuten v. United States*, *supra*, 460 U.S. at 664–65, 103 S.Ct. at 1415–16.

**3.** Of the various courts that have addressed the issue of the subsequent effect of setting aside a conviction pursuant to the provisions of § 5021, some have invoked the term "expungement" to describe the process of deleting the adjudication of guilt from the record of the offender. *See Doe v. Webster, supra*, 196 U.S.App.D.C. at 326 n. 22, 606 F.2d at 1233 n. 22. However, there is disagreement as to the exact scope of this "expungement," particularly with regard to the sub-

quiring the FBI to physically remove the conviction records from its central criminal files so as to prevent those records from being "disseminated to anyone, public or private, for any other purpose." *Id.* at 337, 606 F.2d at 1244. Use of the conviction records by law enforcement agencies for the purpose of a subsequent criminal investigation was expressly permitted. *Id.* In a later case, the court ruled that the legislative purpose behind § 5021 further required that court records revealing a set-aside conviction be removed and excluded from those court records which are made available for public scrutiny. *United States v. Doe,* 235 U.S.App.D.C. 99, 101, 730 F.2d 1529, 1531 (1984). In the same decision, the court recognized that "[j]udges and other court officers may need to consult the court records ... if information in the records bears on related cases." *Id.* at 103, 730 F.2d at 1533. For this reason, expungement was limited so as to "in no way restrict access to such records by law enforcement personnel or officers of the court who have legitimate law enforcement ... purposes for consulting the records." *Id.*

Other courts which have looked to the legislative history of the FYCA have treated the records of a set-aside conviction in various manners. *United States v. Doe,* 747 F.2d 1358, 1360 (11th Cir.1984), held that "§ 5021(a) does not require destruction of the conviction record." [4] The First Circuit similarly ruled that § 5021 neither directed that the records of conviction be destroyed nor required that the records be sealed. *United States v. Doe,* 732 F.2d 229, 231–32 (1st Cir.1984). Instead, the court stressed that the purpose of the set-aside provision is to eliminate "any legal disabilities that might flow from a conviction." *Id.* at 232. See note 3, *supra.* As an example of a legal disability which is removed once a conviction is set aside, the

opinion cited to an earlier decision in *Mestre Morera v. United States Immigration and Naturalization Service,* 462 F.2d 1030 (1st Cir.1972), which "did not permit a conviction that had been set aside to serve as a basis for deportation of an alien, even though the Immigration and Naturalization Act provides that conviction of certain offenses can serve as a basis for deportation." 732 F.2d at 232. In *United States v. Purgason,* 565 F.2d 1279, 1280 (4th Cir. 1977), the Fourth Circuit declared that it was unnecessary to determine the scope of "expunction" under § 5021(b); however, in that case the court did rule that "a conviction which is set aside by the court is vacated and can have no further operative effect." *Id.* Specifically, *Purgason* held that a conviction set aside under the FYCA cannot serve as the prior felony offense upon which to predicate certain firearms crimes which require a prior conviction. *Id.* at 1281. The holdings in *Mestre Morera* and *Purgason* are not inconsistent with our decision in *Tuten v. United States,* supra, 440 A.2d at 1010. However, appellant urges us to move past the holdings of these cases and to set a much broader restraint on the court's use of records from a set-aside conviction. That is, a sentencing judge should not be informed in a presentence report or otherwise about a criminal defendant's prior offense if that conviction has been set aside. None of the foregoing cases argue for that type of restriction. *But see People v. Wunnenberg,* 85 Ill.2d 188, 52 Ill.Dec. 42, 421 N.E.2d 905 (1981), with which we disagree as to the interpretation of § 5021, *supra.*

In *Lindsay v. United States, supra,* we indicated that the conviction records would remain accessible to court officials even though the conviction had been set aside if the purpose for consulting them is "legitimate." 520 A.2d at 1063. The U.S. Court

sequent status of the conviction record, access to that record and the future purposes for which the record may be used. With respect to the last point of inquiry, few courts have specifically focused on the issue presented in this case.

**4.** *Accord United States v. Doe,* 556 F.2d 391, 393 (6th Cir.1977); *United States v. McMains,* 540

F.2d 387, 389 (8th Cir.1976) (under the FYCA there is no authorization, after a conviction has been set aside, to "expunge" the records of that conviction). *Contra Watts v. Hadden,* 651 F.2d 1354, 1373 n. 3 (10th Cir.1981) (FYCA requires that conviction be "expunged" from the record).

of Appeals for the District of Columbia Circuit also acknowledged that "judges and other court officers" might need to have access to the conviction records after a set-aside. *United States v. Doe, supra,* 235 U.S.App.D.C. at 103, 730 F.2d at 1533. We conclude that as part of the wide range of information that they may legitimately review prior to sentencing, judges may receive information about a conviction that has previously been set aside. This FYCA information may be provided as part of a presentence investigation report or it may become known through the judge's own review of the conviction records. Availability of the conviction records at sentencing is one of those uses which we alluded to in *Lindsay, supra,* 520 A.2d at 1063.

Permitting a judge to have information pertaining to a conviction that has been set aside is in keeping with the decisional law which allows a thorough inquiry into a defendant's background prior to imposing sentence.[5] Furthermore, it blinks reality to say that the sentencing judge for the subsequent offense must be uninformed respecting appellant's inability to avoid breaking the law. The court in *Doe v. Webster, supra,* emphasized that the legislative purpose behind the FYCA and, specifically, § 5021 was to provide a rehabilitative program for youthful offenders. 196 U.S.App.D.C. at 327, 606 F.2d at 1234. By offering him an opportunity to have his conviction set aside, the FYCA gave the ex-offender a "fresh start free of the economic and social disabilities attributable to a criminal conviction." *Id.* at 329, 606 F.2d at 1236 (citations omitted). However, once the exoffender has been convicted of a later offense, the rehabilitative reasons for preventing dissemination of the criminal record would seem to be somewhat hollow. To rule that a set-aside conviction should not be brought to a judge's attention during sentencing for a subsequent crime, when the original purpose for the set-aside was to eliminate the stigma attached to the first offense and, thus, lessen the youth's tendency to engage in subsequent criminal activity, is to prevent the judge from having an accurate record of the criminal history, even when the original goal of rehabilitation has gone unrealized. This we are unwilling to do.

We find support for our position in *United States v. Campbell,* 724 F.2d 812 (9th Cir.1984). In that decision, the Ninth Circuit held that "[n]othing in [§ 5021] suggests that the [conviction] record may not be retained for later use by another court." *Id.* We also think it is worth noting the reference in *Campbell* to 18 U.S.C. § 5038 (1982 & Supp. III 1985), part of the federal Juvenile Delinquency Act, in which the records of a juvenile delinquency proceeding, irrespective of whether there was a conviction, are sealed and not subject to disclosure except under certain enumerated circumstances. *Id.* at 813. These include release of the records to "another court of law" and to "an agency preparing a presentence report for another court." 18 U.S.C. § 5038(a)(1) & (2). As the *Campbell* court states, "[i]f a sealed record of a *proceeding* involving a person under the age of 18 may be used by another court, certainly an expunged record of an FYCA *conviction* applicable to a person under the age of 22 may be so used." *Id.* (emphasis in original; citations omitted).

We construe the FYCA set-aside provision as not requiring the obliteration of the record of conviction. We believe it essential that a judge at the time of sentencing have a complete and accurate picture of every one of a defendant's past criminal acts. Thus, we conclude that a conviction

5. "[B]efore making that determination [as to the sentence to impose], a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972) (citations omitted). "It is well settled that trial judges have great latitude in the sentencing process. The court may examine any reliable evidence, including that which was not introduced at trial, and may consider a wide range of facts concerning a defendant's character and his crime." *Williams v. United States,* 427 A.2d 901, 904 (D.C.1980) (citations omitted), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981). *See also Sobin v. District of Columbia,* 494 A.2d 1272, 1275 (D.C.), *cert. denied,* 474 U.S. 860, 106 S.Ct. 173, 88 L.Ed.2d 144 (1985).

set aside pursuant to § 5021 of the FYCA may, without violating due process, be considered by the court when sentencing a defendant for a subsequent offense.

*Affirmed.*