914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sidney Dwight CULBREATH, Defendant-Appellant.
 No. 89-5625.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 8, 1990.
Decided Oct. 2, 1990.
As Amended Nov. 6, 1990.
Rehearing and Rehearing In Banc Denied Nov. 8, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-88-415)
 Sidney Dwight Culbreath, appellant pro se.
 David Calhoun Stephens, Assistant United States Attorney, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sidney Dwight Culbreath appeals[1] from his conviction of use of intimidation to influence the testimony of a person in a judicial proceeding, 18 U.S.C. Sec. 1512(b)(1). Our review of the entire record and the issues raised by Culbreath discloses that this appeal is without merit and we affirm the conviction.
 
 
 2
 * Culbreath was originally indicted on two counts of illegal possession of a firearm. While leaving the courtroom (to go to the restroom) during the trial on these two counts, Culbreath told government witness Dwight Spears: "you're not going to say nothing" and "don't be a fool ... say nothing." While Spears was on the stand, Culbreath made a gesture with his finger as if he were pointing and firing a gun at Spears. Finally, that night, while the court was in recess, a corrections officer caught Culbreath passing a note to his mother, the note stated: "Tell Dwight that I was just joking.... [T]ell Dwight everything is ok." Based on those facts, Culbreath was subsequently tried by a jury and convicted of obstructing justice under 18 U.S.C. Sec. 1512(b)(1).
 
 
 3
 For the obstruction of justice charge, the court sentenced Culbreath to sixty months. The district court refrained from deviating from the Guidelines range of fifty-one to sixty-three months, sentencing Culbreath based on a severity level 20[2] and Criminal history of IV.[3]
 
 II
 
 4
 On appeal, Culbreath claims innocence: he claims that he only said "excuse me" while leaving the courtroom and that the gun gesture was a misinterpretation of the way he held his pencil. We interpret this issue in the context of an insufficient evidence claim. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 5
 Dwight Spears testified that Culbreath threatened him in the hallway during the gun trial. He testified that Culbreath made a firing-gun motion at him during trial and that he had seen Culbreath make this gesture before and interpreted it as a "death gesture." Upon seeing the gesture, Spears testified that he stopped his testimony out of fear. He testified that he was scared for his life as a result of Culbreath's statements and actions. Furthermore, two F.B.I. agents and one corrections officer testified that they heard Culbreath tell the witness "you better not say anything" and "don't say anything--don't be crazy." The court reporter confirmed that Culbreath made a firing-gun gesture at the witness.
 
 
 6
 Culbreath denies making any threats or gestures and claims that this charge was set up. Culbreath presents no factual support of a set-up, and since any rational jury could have found that Culbreath's statements and actions intimidated the witness, the evidence sufficiently supported the conviction. Id. at 319.
 
 III
 
 7
 Culbreath alleges that his conviction under the Federal Youth Corrections Act (F.Y.C.A.) was improperly considered by the district court to determine his criminal history category under the Sentencing Guidelines. Sentencing Guidelines Sec. 4A1.2(j) instructs that "sentences for expunged convictions are not counted, but may be considered under Sec. 4A1.3 (Adequacy of Criminal History Category." The commentary elaborates:
 
 
 8
 Convictions Set Aside or Defendant Pardoned. A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g. in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. Sec. 4A1.2(j).
 
 
 9
 Although Culbreath's conviction was set aside by the Maryland district court,[4] it was not expunged and thus a F.Y.C.A. conviction set aside under Sec. 5021(b) can be used to enhance a sentence in a subsequent conviction. Id.; see United States v. Gardner, 860 F.2d 1391 (7th Cir.1988), cert. denied, 57 U.S.L.W. 3688 (U.S. Apr. 18, 1989) (No. 88-6177); United States v. Campbell, 724 F.2d 812 (9th Cir.1984). Culbreath also contests his trial counsel's effectiveness. However, this type of claim is properly brought in a 28 U.S.C. Sec. 2255 petition and we do not consider it now. See United States v. Lury, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 455 U.S. 1005 (1982).
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented on this record and argument would not aid the decisional process. Accordingly, we deny Culbreath's motions to expedite and for bail, and affirm the conviction and sentence.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Culbreath is proceeding pro se on appeal
 
 
 [2]
 Title 18 U.S.C. Sec. 1512(d) is a level twelve crime and the district court added an eight-point enhancement for threatening physical harm
 
 
 [3]
 Calculating his criminal history level, the district court considered Culbreath's 1973 probation revocation of a Federal Youth Corrections Act conviction (probation revoked due to a state firearm conviction), a 1974 federal firearm conviction, and the 1988 federal firearm conviction. The court equated the three convictions, worth three points each, to determine a criminal history category of IV
 
 
 [4]
 Title 28 U.S.C. Sec. 5021(b) allows the district court the authority to set aside F.Y.C.A. convictions: "Congress' purpose in adopting Sec. 5021 was to promote the rehabilitation of youth offenders by providing a substantial incentive for positive behavior while serving a sentence under the YCA." Tuten v. United States, 460 U.S. 660, 664 (1983)