915 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
SIDNEY DWIGHT CULBREATH, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
SIDNEY DWIGHT CULBREATH, Defendant-Appellant.
 Nos. 89-5590, 89-6004
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Submitted: August 8, 1990
Decided: October 9, 1990
Rehearing and Rehearing In Banc Denied Nov. 15, 1990.
 
 Appeals from the United States District Court for the District of South Carolina, at Greenwood. Joe F. Anderson, Jr., District Judge. (CR-88-202)
 Sidney Dwight Culbreath, Appellant Pro Se.
 David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 Before HALL, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sidney Dwight Culbreath appeals[1] his conviction of illegally possessing a firearm, 18 U.S.C. Secs. 922(g)(1), 924(a). Our review of the entire record discloses that this appeal is without merit and we affirm the conviction.
 
 
 2
 Officer Kittles of the Greenwood City (South Carolina) Police Department noticed a man sitting in a car (parked in a driveway) with the engine idling at approximately 1:00 a.m. Two-and-a-half hours later, the man inside the parked, idling car remained. Officer Kittles, upon conferring with headquarters, investigated with the expressed intention of discerning the safety of the car's occupant; he was concerned the occupant was trying to commit suicide by poisoning himself with carbon monoxide.
 
 
 3
 Officer Kittles approached the car with his flashlight on and weapon drawn. He tapped on the window to get Culbreath's attention. After some delay, Culbreath rolled down his window, stated that he was okay, and told the officer to go away because he was on private property. The officer asked Culbreath if he knew who lived in the house. Culbreath stated that he did not know the owners of the house and again told the officer to leave because he was on private property. The officer requested Culbreath's identification; Culbreath refused. The two continued to argue Officer Kittles's right to be on the driveway and whether Culbreath would provide identification. The approach and exchange lasted two to three minutes.
 
 
 4
 While Kittles and Culbreath argued, a second officer arrived. This second officer looked into the passenger window, and with the aid of his flashlight, noticed a plastic bag containing white powder. The second officer yelled to Officer Kittles that Culbreath had cocaine. Officer Kittles pulled Culbreath out of the car, searched Culbreath's person and found a small amount of marijuana and a crack vial. Culbreath was arrested. His car was towed, and a short time later, a magistrate issued a warrant to search the car. The search revealed a gun, for possession of which Culbreath was subsequently convicted.
 
 
 5
 Culbreath was charged in the state court for possession of a controlled substance. The state court conducted a suppression hearing and held that the detention of Culbreath was unconstitutional and the fruit of the resulting search was inadmissible. The court suppressed the evidence and dismissed the state charges.
 
 
 6
 Culbreath was not as fortunate in federal court. Culbreath, a convicted felon, was indicted and charged with two counts of illegal possession of a firearm. His counsel argued: (1) collateral estoppel barred a suppression hearing on the same search, and (2) the search was unconstitutional. The district court found collateral estoppel inapplicable, and upon conducting a suppression hearing, found the search constitutional because a "reasonable suspicion of criminal activity [developed] after [Officer Kittles] began to question Culbreath and received curt and evasive answers." The court also held that second officer's flashlight search was not a search at all because the drugs were in plain view. As a result, the district court convicted Culbreath of illegal possession of a firearm under 18 U.S.C. Secs. 922(g)(1) and 924(a) and sentenced him to serve a term of eighteen months.
 
 Collateral Estoppel
 
 7
 A state court's finding that a search is unconstitutional is not binding on a district court; collateral estoppel does not preclude a district court from reviewing the constitutionality of a search de novo. United States v. Ricks, 882 F.2d 885 (4th Cir. 1989), cert. denied, 58 U.S.L.W. 3450 (U.S. Jan. 16, 1990) (No. 88-5823; United States v. Safari, 849 F.2d 891 (4th Cir.) (state suppression hearing is not accorded a collateral effect on the same issue in a subsequent federal prosecution), cert. denied, 57 U.S.L.W. 3333 (U.S. Nov. 7, 1988) (No. 88-5552). Accordingly, collateral estoppel does not apply, and the district court properly reconsidered the constitutionality of the search.
 
 Constitutionality of the Detention
 
 8
 The encounter between Culbreath and Officer Kittles was not a consensual confrontation; it was a brief detention based on reasonable suspicion that a crime is afoot or about to commence: a Terry stop. Terry v. Ohio, 392 U.S. 1 (1968). A reasonable suspicion, to justify an intrusion, must be based on specific and objective facts. Reid v. Georgia, 448 U.S. 438, 441 (1980). Here, Officer Kittles observed a single person sitting in a parked car with the engine running between 1:00 a.m. and 3:30 a.m. Concerned for the person's well-being and the presence of ongoing criminal activity-suicide is a common law felony in South Carolina, State v. Levelle, 34 S.C. 120, 13 S.E. 319 (1890), and Officer Kittles was aware of another person who asphyxiated himself while sitting in a parked, running car in a nearby community a couple of years previously-Officer Kittles investigated. These objective and specific facts constituted a reasonable suspicion and justified the brief, two to three minute interrogation. Terry, 392 U.S. 1.
 
 
 9
 Flashlight and Fruits of the Flashlight Search
 
 
 10
 The second officer's visual scan-aided by the flashlight-was not a search; he spotted the white powder in plain view. Texas v. Brown, 460 U.S. 730 (1983). As the second officer's view of the white powder provided sufficient probable cause to arrest Culbreath, the impoundment of Culbreath's car was proper. The subsequent search was conducted at the direction of a valid search warrant based on the plain view of the white powder still on the seat and the drugs found on Culbreath's person after the arrest.
 
 
 11
 Effect of a Conviction Under the Youth Corrections Act
 
 
 12
 Culbreath alleges on appeal that his conviction under the Federal Youth Corrections Act (FYCA) was improperly considered when the district court determined his criminal history category. Culbreath's trial counsel noted to the sentencing judge that Culbreath wanted the pre-sentence report to reflect that one conviction listed in the pre-sentence report was a youthful offender conviction. Upon the judge's inquiry, however, counsel stated that the fact that this was a FYCA conviction would not change his criminal history category.[2] Since Culbreath and his counsel failed to raise this issue at the sentencing hearing, this issue has been waived and Culbreath cannot raise it on appeal. United States v. Altman, 901 F.2d 1161 (2d Cir. 1990). In any event, the district court applied the FYCA conviction guidelines correctly, and Culbreath's claim is without merit.[3]
 
 Ineffective Assistance Claims
 
 13
 Culbreath also contests his trial counsel's effectiveness. However, since his claim involves factual issues not presented to the district court, his claim cannot be addressed on direct appeal; it is properly brought in a 28 U.S.C. Sec. 2255 petition. United States v. Lurz, 666 F.2d 69, 78 (4th Cir. 1981), cert. denied, 455 U.S. 1005 (1982).
 
 
 14
 We dispense with oral argument because the facts and legal contentions are adequately presented on this record and argument would not aid the decisional process. Accordingly, we deny Culbreath's motions to expedite and for bail, and affirm the conviction and sentence.
 
 AFFIRMED
 
 
 [1]
 Culbreath proceeds pro se on appeal
 
 
 [2]
 MR. BURNSIDE: Your Honor, another matter, paragraph 24 and 25, I hate to go backwards, but this is a minor thing he just recently realized, said convicted as adult of both those offenses. He was 20 years old at the time and he tells me he was convicted under Youthful Offender Act, he just ask it be made clear, youthful offender convictions
 THE COURT: All right. Would that change his criminal history category?
 MR. BURNSIDE: No, sir.
 
 
 [3]
 Section 5021(b) of 28 U.S.C. allows the district court the authority to set aside convictions under the FYCA: "Congress' purpose in adopting Sec. 5021 was to promote the rehabilitation of youth offenders by providing a substantial incentive for [positive behavior while serving a sentence under the YCA.]" Tuten v. United States, 460 U.S. 660, 664 (1983). Although Culbreath's conviction was set aside by the Maryland district court, a FYCA conviction set aside under Sec. 5021(b) can be used to enhance a sentence in a subsequent conviction. United States v. Gardner, 860 F.2d 1391 (7th Cir. 1988), cert. denied, 57 U.S.L.W. 3688 (U.S. April 18, 1989); United States v. Campbell, 724 F.2d 812 (9th Cir. 1984)