UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Anthony HIDALGO,
Defendant–Appellant.

No. 89–50457.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 1990.

Decided May 8, 1991.

Paul L. Abrams, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Patricia A. Beaman, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before D.W. NELSON and REINHARDT, Circuit Judges, and TANNER,* District Judge.

TANNER, District Judge:

Michael Anthony Hidalgo appeals his sentence under the sentencing guidelines, after a guilty plea, for unarmed bank robbery in violation of 18 U.S.C. § 2113(a). He argues that the district court erred by including a 1977 robbery conviction and then determining that he was a career offender pursuant to U.S.S.G. § 4B1.1 *et seq.* [1] We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We reverse and remand to the district court for resentencing.

## I

On May 2, 1989, an indictment was filed which charged Hidalgo with four counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Hidalgo pled guilty on June 19, 1989 to Count One of the indictment which charged him with committing a March 17, 1989 robbery of American Savings and Loan Association in La Puente, California.

A presentence report was ordered and prepared. In that report, the probation officer determined that Hidalgo was included within the career offender guidelines, U.S.S.G. § 4B1.1 *et seq.*, because the instant offense (unarmed bank robbery) is a crime of violence and Hidalgo has two prior convictions for crimes of violence within the meaning of U.S.S.G. § 4B1.2. One of the prior convictions was a 1977 robbery conviction which was "set aside" pursuant to California Welfare and Institutions Code § 1772(a).[2] Pursuant to U.S.S.G. § 4B1.1 defendant's offense level was set at 32 with a criminal history category of VI resulting in a guideline range of 210–262 months. The district court agreed with the probation officer's calculations.

On August 28, 1989, Hidalgo was sentenced to 210 months in the custody of the Attorney General. He made the same arguments before the district court at his sentencing hearing that he advances before this court on appeal.

## II

In calculating Hidalgo's criminal history, the district court included a 1977 California state conviction for second degree robbery which was set aside pursuant to Cal.Welf. & Inst.Code § 1772. The straightforward issue on this appeal is whether the "set aside" conviction is an "expunged" conviction under U.S.S.G. § 4A1.2(j) [3] and therefore not included in determining a defendant's criminal history.

---

* Honorable Jack E. Tanner, U.S. District Judge for the Western District of Washington, at Tacoma, sitting by designation.

1. Hidalgo raises two other issues. He argues that the sentencing guidelines violate due process; however this court has recently decided that issue adversely to Hidalgo in *United States v. Brady,* 895 F.2d 538, 544 (9th Cir.1990). He also argues that based upon a recent amendment to U.S.S.G. § 4B1.1, he is entitled to a two-point reduction in his base offense level for acceptance of responsibility. Because we agree that Hidalgo was wrongly determined to be a career offender, we need not address this issue.

2. Section 1772(a) provides:

(a) Every person honorably discharged from control by the Youthful Offender Parole Board who has not, during the period of control by the authority been placed by the authority in a state prison shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, and every person

discharged may petition the court which committed him or her, and the court may upon such petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, including, but not limited to any disqualification for any employment or occupational license, or both, created by any other provision of law. However, such a person shall not be eligible for appointment as a peace officer employed by any public agency if his or her appointment would otherwise be prohibited by § 1029 of the Government Code.

Cal.Welf. & Inst.Code § 1772(a).

3. Section 4A1.2(j) provides:

Sentences for expunged convictions are not counted, but may be considered under § 4A1.3 (Adequacy of Criminal History Category).

U.S.S.G. § 4A1.2(j).

Initially it appears elementary to us that when the verdict of guilty was vacated and set aside and the information dismissed as to Hidalgo's 1977 second degree robbery conviction, that conviction no longer exists. Cal.Welf. & Inst.Code § 1772(a). Therefore, there is nothing to count for purposes of calculating defendant's criminal history. Indeed, the California statute specifically releases the juvenile delinquent "from all penalties and disabilities resulting from the offense or crime for which he or she was committed...." *Id.*

Relying on the above quoted language and U.S.S.G. § 4A1.2(j) it appears obvious that the 1977 conviction was erroneously counted. Unfortunately, the commentary to U.S.S.G. § 4A1.2 unnecessarily confuses this issue.[4] The commentary sheds little light on the proper outcome and appears to be somewhat internally contradictory. However, its final sentence supports the conclusion we reach here.

The Federal Youth Corrections Act provides a useful analogy. The Act, 18 U.S.C. § 5021 (repealed), contained a provision which "automatic[ally] set aside" a conviction if the offender was unconditionally discharged prior to the expiration of his or her sentence. In *Tuten v. United States*, 460 U.S. 660, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983), the Supreme Court sets out the purposes and legislative history of 18 U.S.C. § 5021 in a series of footnotes. *Tuten*, 460 U.S. at 664–65, notes 6–9, 103 S.Ct. at 1415, notes 6–9. The Court clearly understood the term "set aside" to mean "expunged" for purposes of the Act. *See Id.*

Furthermore, California courts when discussing the set aside provision of section 1772 consistently refer to this statute as a rule "expunging" a prior conviction. *See e.g., People v. Navarro*, 7 Cal.3d 248, 277–281, 102 Cal.Rptr. 137, 158–60, 497 P.2d 481, 502–04 (1972); *People v. Jacob*, 174 Cal.App.3d 1166, 220 Cal.Rptr. 520 (1985).

Therefore, in applying both a federal and California explanation of "expunge" to the clear language of U.S.S.G. § 4A1.2(j), we hold that Hidalgo's 1977 conviction was expunged and cannot be used as a prior conviction under U.S.S.G. § 4B1.2.

REVERSED and REMANDED for RE-SENTENCING.

---

4. U.S.S.G. § 4A1.2 comment. (n. 10) provides: *Convictions Set Aside or Defendant Pardoned.* A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. Section 4A1.2(j).