**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sammy Dewayne KAMMERDIENER, Defendant–Appellant.**

**No. 90–30199.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 30, 1991.

Decided Sept. 23, 1991.

Alan Zarky, Seattle, Wash., for defendant-appellant.

Harry J. McCarthy and Ken Parker, Asst. U.S. Attys., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, BEEZER and WIGGINS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We are faced with the question whether convictions set aside under the Federal Youth Corrections Act, 18 U.S.C. § 5021, repealed Pub.L. No. 473 § 218(a)(8), 98 Stat. 2027 (1984) (FYCA), may be considered in calculating a defendant's criminal history category under the Sentencing Guidelines. Being bound by precedent, we conclude they may not be considered and reverse and remand for resentencing.

I

On February 26, 1990, Sammy Kammerdiener pleaded guilty to two counts each of mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343. The sentencing

court imposed a 27–month prison term with three years of supervised release. Restitution was also ordered.

The only issue here is the calculation of Kammerdiener's criminal history. A three-point increase was assessed in his presentence report for a 1973 mail fraud conviction. The inclusion of this conviction raised his criminal history category from III to IV, increasing his sentencing range from 18–24 months to 24–30 months.

Kammerdiener timely objected to the presentence report on the grounds that the 1973 conviction was set aside under the FYCA and could not be added to his criminal history calculation. We review de novo the district court's application of the Guidelines. *United States v. Howard,* 894 F.2d 1085, 1087 (9th Cir.1990).

## II

■ The FYCA gave courts discretion to set aside youth convictions.[1] Kammerdiener argues that such a set aside is tantamount to an expungement of the conviction. Under the Guidelines an expunged conviction may not be included in a defendant's criminal history calculation. United States Sentencing Commission, *Guidelines Manual,* § 4A1.2(j) (Nov. 1990).[2]

■ This court, in *United States v. Hidalgo,* 932 F.2d 805 (9th Cir.1991), recently addressed whether a set aside was an expungement under section 4A1.2(j). *Hidalgo* was concerned with the effect of a conviction that was set aside under a California youth offender statute, which was similar to the FYCA.

In concluding that a set aside was an expungement for the purposes of the Guidelines, the *Hidalgo* court noted that:

The Federal Youth Corrections Act … contained a provision which "automatic[ally] set aside" a conviction if the of-

fender was unconditionally discharged prior to the expiration of his or her sentence. In *Tuten v. United States,* 460 U.S. 660, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983), the Supreme Court sets out the purposes and legislative history of 18 U.S.C. § 5021 in a series of footnotes. *Tuten,* 460 U.S. at 664–65, notes 6–9, 103 S.Ct. at 1415, notes 6–9. The Court clearly understood the term "set aside" to mean "expunged" for purposes of the Act.

*Id.* at 807. This interpretation of *Tuten* was a key part of the court's reasoning and enabled it to conclude that a set-aside conviction could not be counted under section 4A1.2(j).

Being bound by the *Hidalgo* court's conclusion that a set aside is equivalent to an expungement for sentencing purposes, we hold that Kammerdiener's prior conviction, set aside under the FYCA, may not be included in his criminal history calculation.

REVERSED and REMANDED for resentencing.

WIGGINS, Circuit Judge, dissenting:

Because I disagree that *Hidalgo* and *Tuten* dictate the result in this case, and because I believe policy considerations favor the opposite result, I dissent.

In a pre-guidelines case, we acknowledged that the FYCA set-aside did not mean that the conviction was expunged for all purposes. *United States v. Campbell,* 724 F.2d 812, 812 (9th Cir.1984). We pointed out that the set-aside does not affect the nonpublic record retained by the Department of Justice, and that an exhaustive review of the legislative history showed that Congress' clear intent was to prevent public dissemination, and particular-

1. 18 U.S.C. § 5021 provided:
(a) Upon the unconditional discharge by the commissioner of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the commission shall issue to the youth offender a certificate to that effect.
(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation

prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

2. U.S.S.G. § 4A1.2(j) provides:
Sentences for expunged convictions are not counted, but may be considered under § 4A1.3 (Adequacy of Criminal History Category).

ly dissemination to prospective employers, of an FYCA conviction. [cite] Nothing in that section suggests that the record may not be retained for later use by another court.

*Id.* We held in *Campbell* that a conviction set aside under the FYCA could be considered by a later sentencing court.

The sentencing guidelines commentary express the Sentencing Commission's intent that cases such as *Campbell* remain good law under the guidelines. Application note 10 to § 4A1.2 instructs a sentencing court as follows:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, *e.g.*, in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted. § 4A1.2(j).

The note is consistent with the policy considerations behind set-aside provisions for young offenders. The Supreme Court articulated some of these policy concerns in *Tuten v. United States:*

> Like various state expungement statutes § 5021 enables an eligible youth offender to reenter society and conduct his life free from the disabilities that accompany a criminal conviction.

460 U.S. 660, 665, 103 S.Ct. 1412, 1415, 75 L.Ed.2d 359 (1983). The idea is that if young offenders will turn from crime and become law-abiding citizens, they should not be saddled their entire lives with mistakes they made in their immaturity. For example, they should enjoy the right to vote, hold public office, serve on juries, and practice the occupation of their choice free from the stigma of criminal conviction. *See id.* at 664, 103 S.Ct. at 1415. However, if the young offender continues to break the law, he or she should not reap the benefits of a clean slate that is intended "to promote the rehabilitation of youth offenders." *Id.* Rather, the set-aside should be counted as part of the defendant's criminal history as the guidelines commentary directs.

A recent en banc opinion in our circuit holds that the guidelines commentary "is entitled to considerable weight, more so than ordinary legislative history, in interpreting the guidelines." *United States v. Anderson*, 942 F.2d 606, 612 at 10375 (9th Cir. Aug. 6, 1991) (en banc). The opinion further directs that if the guideline and the commentary can be construed consistently, the commentary should not be ignored. *Id.* at 612.

In *United States v. Hidalgo*, 932 F.2d 805 (9th Cir.1991), a Ninth Circuit panel, considering the effect of a conviction set aside under California law on guidelines sentencing, suggested that application note 10 "unnecessarily confuses the issue" and "appears to be somewhat internally contradictory." 932 F.2d at 807. However, nothing in U.S.S.G. § 4A1.2 conflicts with the distinction in application note 10 between the use of set-aside and expunged convictions in calculating a defendant's criminal history category. I believe *Hidalgo*'s brushing aside of the commentary has been overruled by *Anderson*. Therefore, application note 10 should be followed and the district court should be affirmed.[1]

The *Hidalgo* court and the majority in this case suggest that *Tuten* can be read to mandate reversal. The Supreme Court did obliquely imply in *Tuten* that a conviction

---

1. *Hidalgo* was wrongly decided for another reason. It was important to the panel that California courts refer to the California set-aside provision as "expunging" the prior youth conviction. However, the cases it cited do not support the proposition that a conviction set aside under Cal.Welf. & Inst.Code § 1772(a) is expunged for all purposes. Indeed, in *People v. Jacob*, 174 Cal.App.3d 1166, 1174, 220 Cal.Rptr. 520, 524 (1985), the California appeals court held that a prior conviction that has been set aside under § 1772(a) could be used to enhance a sentence for a later conviction. The *Hidalgo* court inexplicably ruled differently from *Jacobs* on the same question. *See also People v. Navarro,* 7 Cal.3d 248, 280, 102 Cal.Rptr. 137, 159, 497 P.2d 481 (1972) (en banc) ("It is inappropriate to attempt to here define all the penalties and disabilities intended to be released by section 1772 ...," but a conviction set aside under the section cannot be used to keep a repeat offender out of a narcotic addicts treatment program.)

set aside under the FYCA could not be taken into account in imposing a sentence.[2] However, the *Tuten* court was addressing the question whether the set-aside was valid in that case. It concluded that it was not valid because the offender had not been unconditionally discharged prior to the expiration of his sentence, as the FYCA requires. 460 U.S. at 668, 103 S.Ct. at 1417. The Court did not squarely address what effect a valid set-aside, as in our case, might have on a later sentence. Further, *Tuten* was a pre-guidelines case.[3] The Court was not applying U.S.S.G. § 4A1.2 or application note 10, as we are called to do in this case.

For these reasons, I dissent.

**Frederick George ROEHLER, II, Petitioner–Appellant,**

v.

**Robert BORG; Attorney General of the State of California, Respondents– Appellees.**

No. 90–56232.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1991.

Decided Sept. 24, 1991.

Dennis P. Riordan, Riordan & Rosenthal, San Francisco, Cal., and Wendy Cole Lascher and Edward L. Lascher, Lascher & Lascher, Ventura, Cal., for petitioner-appellant.

David F. Glassman, Asst. Atty. Gen., and Donald F. Roeschke, Supervising Deputy Atty. Gen., Los Angeles, Cal., for respondents-appellees.

---

2. After deciding that the juvenile conviction in *Tuten* had *not* been set aside under the FYCA, the Court said, "The trial court was therefore free in this case to take petitioner's previous conviction into account in imposing sentence under the recidivist provision of the District of Columbia's penal statute." 460 U.S. at 668, 103 S.Ct. at 1417.

3. *Tuten* was also decided before *Campbell,* and yet we concluded in *Campbell,* contrary to *Hidalgo,* that a conviction set aside under the

Before REINHARDT and FERNANDEZ, Circuit Judges, and SMITH, District Judge.*

---

FYCA could be considered at sentencing for a later crime. *Campbell*, 724 F.2d at 813.