978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chris Edward DILLARD, Defendant-Appellant.
 No. 91-30458.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1992.*
Decided Nov. 2, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We consider whether a sentence under the Federal Youth Correction Act is an "adult conviction" for the purposes of determining career offender status under the Sentencing Guidelines.
 
 
 3
 Upon accepting plaintiff Dillard's plea of guilty to bank robbery, the district court held he was a career offender under the United States Sentencing Commission Guidelines and sentenced him to 210 months imprisonment. Dillard appeals, arguing that the district court erred in counting a previous bank robbery conviction for which he was sentenced under the Youth Correction Act as an "adult conviction" for the purposes of the Guidelines. The Government argues that any conviction for an offense committed over the age of eighteen counts as an adult conviction, regardless of sentence. We affirm.
 
 
 4
 United States Sentencing Guideline § 4B1.1 (Career Offender) states:
 
 
 5
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 6
 Section 4B1.2 defines the terms used in 4B1.1, including "prior felony conviction." According to the Commentary's "Application Notes" in force at the time of Dillard's sentence,
 
 
 7
 "[p]rior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction.[1]
 
 
 8
 U.S.S.G. § 4B1.2, cmt. (n. 3).
 
 
 9
 This court has held district courts are to apply the version of the Sentencing Guideline in effect on the date of sentencing. See United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992); United States v. Mooneyham, 938 F.2d 139 (9th Cir.1991). Dillard was sentenced on November 25, 1991, so the above Guidelines apply.
 
 
 10
 Under the language of the amendment, Dillard's 1983 conviction is a "prior [adult] felony conviction" for the purposes of the Sentencing Guidelines: he was over eighteen at the time of the conviction and the crime was punishable by "imprisonment for a term exceeding one year."[2]
 
 
 11
 Dillard argues that his 1983 conviction for bank robbery cannot count as an "adult conviction" given his sentencing under the Federal Youth Correction Act. In essence, Dillard argues the sentence imposed can change the character of the conviction. The language of the statute appears to refute Dillard's interpretation: convictions are evaluated "regardless of the actual sentence imposed." See U.S.S.G. § 4B1.2, cmt. (n. 3). Moreover, in United States v. Connor, 947 F.2d 1018 (2d Cir.1991), the Second Circuit held that a sentence under the Young Adult Offender's Act did not alter the nature of the conviction for the purposes of determining career offender status under the Sentencing Guidelines. Id. at 1020-21.
 
 
 12
 Dillard seeks to distinguish this case on the ground that the court in Connor erroneously applied definitions under 4A1.2 (criminal history calculations) to determine career offender status.[3] However, the guidelines explicitly state the provisions under 4A1.2 are applicable to the counting of convictions under 4B1.1. See U.S.S.G. § 4B1.2, cmt. (n. 4). Most importantly, the court in Connor was operating without the benefit of the amendment "clarifying" what counts as an adult conviction.
 
 
 13
 As Dillard points out, this court has distinguished between FYCA sentences and adult sentences. See United States v. Won Cho, 730 F.2d 1260, 1267 (9th Cir.1984) (holding that an adult sentence is "greater" than a Youth Corrections Act sentence for purposes of the Probation Act). This court has also held that convictions set aside under the FYCA cannot be considered in calculating a defendant's criminal history category under the sentencing guidelines. See United States v. Kammerdiener, 945 F.2d 300 (9th Cir.1991); United States v. Hidalgo, 932 F.2d 805 (9th Cir.1991).
 
 
 14
 None of these cases, however, stand for the proposition that the conviction itself changes character when the defendant is sentenced under the FYCA. Moreover, unlike the situation in Kammerdiener and Hidalgo, the conviction in this case was not set aside. Finally, the 1991 amendment appears to foreclose Dillard's attempt to define "adult conviction" as a conviction involving an adult sentence: not only is "adult conviction" defined as "[a] conviction for an offense committed at age eighteen or older," but the guidelines also state a "prior felony conviction" is determined "regardless of the actual sentence imposed."
 
 
 15
 A sentence under the Federal Youth Corrections Act does not change the character of the conviction. Because the applicable guidelines state an "adult conviction" is any conviction for an offense committed at age eighteen or older, and because Dillard was over eighteen at the time of his prior offense, the district court properly counted the prior offense as an "adult conviction." The sentence of the district court is
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The last sentence was added as an amendment to the Act and was effective as of November 1, 1991. Dillard was sentenced November 25, 1991. According to the notes accompanying the amendment, the additional language was intended to "clarif[y] the definition of a prior adult conviction." U.S.S.G.App. C, p 433 (1991)
 
 
 [2]
 The government's brief states that Dillard was 21 at the time of the 1983 crime and conviction. Dillard does not dispute this. Bank robbery in 1983 (as it is now) was punishable by a maximum term of imprisonment of 20 years. See 18 U.S.C. § 2113(a) (1984 & Supp.1992)
 
 
 [3]
 Dillard mistakenly refers to section 4A1.3 as the section relied on by the court in Connor. Section 4A1.3 allows for departure from the otherwise applicable guideline range, and was not referred to by the court in that case. Given the context of Dillard's argument, we assume he intended to refer to Connor 's reliance on the definitions under section 4A1.2