USA v. Michael Dubovsky                  CR-99-37-B      01/24/01

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**United States of America**

    **v.**                                    Criminal No. 99-37-B

**Michael Dubovsky**


### MEMORANDUM


Before I sentence Michael Dubovsky, I must decide whether to include in his criminal history calculation a prior possession of marijuana charge that the sentencing judge initially continued without a finding, later dismissed, and ultimately ordered sealed. Dubovsky argues that this charge should not be counted in determining his criminal history because it was expunged.


## I.   BACKGROUND

Dubovsky pleaded guilty in this court on May 16, 2000 to a charge of conspiracy to distribute LSD between on or about October 13, 1998 and on or about April 1, 1999. He is scheduled to be sentenced on January 24, 2001.

Dubovsky's Presentence Report ("PSR") states that he must be sentenced to a 10-year prison term because the conspiracy charge he pleaded guilty to involved more than 10 grams of a mixture containing LSD, see 21 U.S.C. § 841(b)(1)(A)(v), and Dubovsky has too many criminal history points to claim the benefit of the "safety valve" provided for in 18 U.S.C. § 3553(f).

The probation officer based his determination that Dubovsky is ineligible for the safety valve on a 1996 possession of marijuana charge.[1] In May 1996, Dubovsky admitted to sufficient facts to support a conviction on the charge in Milford, Massachusetts District Court. Rather than finding Dubovsky guilty, however, the sentencing judge continued the charge without a finding until November 12, 1998, on the condition that Dubovsky remain outside the state during the period of the continuance. Nearly two years later, after Dubovsky had been

---

[1] The probation officer assigned Dubovsky one criminal history point for the 1996 possession of marijuana charge, and two criminal history points because he was on unsupervised probation on the possession of marijuana charge when he engaged in the LSD conspiracy. The probation officer also assigned Dubovsky one criminal history point for a 1993 breaking and entering conviction. A defendant is ineligible for the safety valve if he has more than one criminal history point. See 18 U.S.C. § 3553(f)(1) (2000).

-2-

charged in this case, he filed a motion to seal all records concerning the possession of marijuana charge. The state court granted the motion on November 2, 2000.

If Dubovsky could claim the benefit of the safety valve, he would be facing a sentence of between 46 and 57 months rather than the 120-month sentence required by 21 U.S.C. § 841(b)(1)(A).

## II.    ANALYSIS

### A.    The Sentencing Guidelines

The Sentencing Guidelines provide that a sentencing court should not consider a conviction in determining a defendant's criminal history if the conviction has been "expunged." U.S.S.G. § 4A1.2(j). Application Note 10 to § 4A1.2(j) elaborates on this point by stating that

> a number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may by pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences  resulting from such convictions are to be counted. However, expunged convictions are not counted.

U.S.S.G. § 4A1.2, Commentary, Applic. N. 10.

Three distinct approaches have emerged in the circuit courts concerning when a dismissed or vacated conviction should be treated as if it has been expunged. The prevailing view is that a conviction that has been dismissed or vacated cannot be considered to have been expunged unless the conviction was set aside because of innocence or errors of law. See United States v. Hines, 133 F.3d 1360, 1363-64 (10th Cir. 1998); United States v. Cox, 83 F.3d 336, 339-40 (10th Cir. 1996); United States v. Ashburn, 20 F.3d 1336, 1343 (5th Cir. 1994), reinstated in part and vacated in part by, United States v. Ashburn, 38 F.3d 803 (5th Cir. 1994) (en banc); United States v. McDonald, 991 F.2d 866, 871-72 (D.C. Cir. 1993). This approach is based on the language of application note 10 which suggests this result.

The Second Circuit uses a different standard. In a line of cases culminating in United States v. Matthews, 205 F.3d 544 (2d Cir. 2000), that court has determined that a dismissed or vacated conviction will be deemed to have been expunged, regardless of the reasons why the conviction was set aside, if the applicable state law "eliminate[s] all trace of the prior adjudication." Id. at 548; see also United States v. Beaulieau, 959 F.2d 375, 380 (2d Cir. 1992).

Finally, the Ninth Circuit has determined that a dismissed or vacated conviction should be deemed to have been expunged even though the conviction was set aside for reasons unrelated to innocence or errors of law and state law does not eliminate all trace of the adjudication that led to the conviction. See United States v. Hidalgo, 932 F.2d 805, 807 (9th Cir. 1991); see also United States v. Kammerdiener, 945 F.2d 300, 301 (9th Cir. 1991). The Ninth Circuit has declined to follow Application Note 10 because the court concluded that "[t]he commentary sheds little light on the proper outcome and appears to be somewhat internally contradictory." Hidalgo, 932 F.2d at 807.

The First Circuit has not taken a definitive position on the issue. See, e.g., United States v. Fosher, 124 F.3d 52, 57 (1st Cir. 1997) (declining to treat conviction discharged pursuant to Federal Youth Corrections Act as an expunged conviction). Accordingly, I examine Dubovsky's claim under all approaches.

## B.    Application

I cannot grant Dubovsky the relief he seeks under the prevailing interpretation of § 4A1.2(j) because the sentencing court did not dismiss the 1996 possession of marijuana charge and seal his case either for errors of law or because he was

innocent.  In sealing the charge, the state court was acting pursuant to Mass. Gen. Laws. Ann. ch. 94C § 34.  This statute authorizes a court to seal all records concerning certain drug possession charges if: (1) the charge is the defendant's first drug related conviction; (2) the court either continued the charge without a finding to a date certain, or placed the defendant on probation;  and (3) the defendant did not violate any condition of the continuance or probation.[2]  See Mass. Gen. Laws. Ann. ch. 94C § 34.  The obvious purpose of this sealing provision is to give a defendant a fresh start.  It has nothing to do with the defendant's innocence or whether errors of law were committed in the proceedings that led to his conviction. Accordingly, I cannot treat the 1996 possession of marijuana charge as an expunged conviction under the prevailing interpretation of § 4A1.2(j).

Dubovsky also cannot claim relief under the Second Circuit's view of § 4A1.2(j).  Mass. Gen. Laws. Ann. ch. 94C § 34 does not

_____

[2]  Dubovsky failed to inform the sentencing judge of the fact that he had been charged with another drug possession offence in 1993 that had been continued without a finding.  See P.S.R. ¶ 3.  If the state court judge had known of this fact, he could not have granted Dubovsky's motion to seal.

permit a court to eliminate "all trace" of a defendant's prior conviction. Instead, it requires the probation office to maintain a record of the conviction "solely for the purpose of use by the courts in determining whether or not in subsequent proceedings such person qualifies under this section." Mass. Gen. Laws. Ann. ch. 94C § 34. Because the probation office must maintain a record of the conviction and is instructed to use it for certain limited purposes, I cannot conclude that state law eliminated "all trace of the prior adjudication." See, e.g., Matthews, 205 F.3d at 546-47 (Youthful offender conviction that has been vacated, replaced by youthful offender finding, and sealed has not been expunged because records are still available to probation department for use in carrying out its duties).

Finally, while I could treat the 1996 marijuana possession charge as an expunged conviction if I were to follow the Ninth Circuit's view of the issue, I decline to do so because its reasoning is foreclosed by binding Supreme Court precedent. In Stinson v. United States, 508 U.S. 36 (1993), the Supreme Court directed the lower courts to apply the commentary to the sentencing guidelines unless it violates the Constitution or a federal statute or is a plainly erroneous interpretation of the

guideline it seeks to explain.  Id. at 45; see also United States v. Burns, 160 F.3d 82, 85 (1st Cir. 1998).  Dubovsky does not contend that the commentary to § 4A1.2 is plainly erroneous, unconstitutional, or in violation of federal law.  Accordingly, I am not free, as the Ninth Circuit suggests, to disregard the commentary simply because it appears to be "internally inconsistent."

### III.  CONCLUSION

For the reasons set forth in this memorandum, I determine that Dubovsky's 1996 conviction for possession of marijuana cannot be treated as an expunged conviction.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

January 24, 2001

cc:  Mark Howard, Esq.
     Paul Haley, Esq.